UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          Case No.: 13-32195-RBR

NNN Aventura Harbour                            Chapter 11
Centre, LLC,

      Debtor,

_____/

NNN Aventura Harbour                            Adv. Case No. 13-01830-RBR
Centre, LLC,

      Plaintiff,

v.

NNN Aventura Harbour Centre 1, LLC, *et al*.,

      Defendants.

_____ /

**TIC MAJORITY'S (I) RESPONSE IN OPPOSITION TO
PLAINTIFF'S EX PARTE MOTION TO SET HEARING ON TIC
DEFENDANTS' MOTION TO DISMISS ADVERSARY PROCEEDING
AND MOTION TO DISMISS MAIN CASE IN CONJUNCTION WITH HEARING
ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO
SHORTEN NOTICE PERIOD IN CONNECTION WITH SAME [ECF NO. 64]**

**AND**

**(II) MOTION TO CONTINUE HEARING ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 42][1]**

NNN Aventura Harbour Centre 1, LLC, NNN Aventura Harbour Centre 3, LLC, NNN

Aventura Harbour Centre 4, NNN Aventura Harbour Centre 5, LLC, NNN Aventura Harbour

Centre 6, LLC, NNN Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC,

_____

[1]  A version of this Response is being filed in both the main case and the Adversary Proceeding.

NNN Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN Aventura Harbour Centre, 14 LLC, NNN Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 17, LLC, NNN Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN Aventura Harbour Centre 26, LLC, NNN Aventura Harbour Centre 27, LLC, NNN Aventura Harbour Centre 28, LLC, NNN Aventura Harbour Centre 31, LLC, NNN Aventura Harbour Centre 32, LLC and NNN Aventura Harbour Centre 33, LLC (the *"TIC Majority"* or *"Defendants"*),[2] by and through undersigned counsel hereby responds in opposition to Plaintiff's *Ex Parte Motion to Set Hearing on TIC Defendants' Motion to Dismiss Adversary Proceeding and Motion to Dismiss Main Case in Conjunction With the Hearing on Debtor's Motion for Summary Judgment and Motion to Shorten Notice Period in Connection With Same* (the "*Motion*") [A.P. ECF No. 61] and moves to continue the hearing on Plaintiff's Motion for Summary Judgment which is currently scheduled for January 29, 2014.  The TIC Majority states in support hereof:

## PRELIMINARY STATEMENT

Plaintiff's request in its Motion to have the Court hear the TIC Majority's Motions to Dismiss both the adversary case [A.P. ECF No. 51, 52] and the main bankruptcy case [M.C. ECF No. 113] at the same time as it hears Plaintiff's Motion for Summary Judgment [A.P. ECF No. 42] puts the litigation "cart before the horse" and should be denied for the following reasons:

---

[2] The TIC Majority represents **63.60412%** of the membership interests in the Property described herein.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

First, as set forth herein, Plaintiff failed to show "good cause" why the statutory notice period set forth in Bankruptcy Rule 2002(a)(4) should be shortened.

Second, as a result of the outstanding nature of discovery,[3] even if Plaintiff could meet its evidentiary burden to receive summary judgment (and it cannot), a hearing on summary judgment would be premature with discovery outstanding. Put differently, Plaintiff's Motion for Summary Judgment is not "ripe." Plaintiff has in effect admitted discovery is needed, by virtue of the discovery it has only recently propounded in this case. As such, the Motions to Dismiss should be set for hearing before Plaintiff's Motion for Summary Judgment. Doing so would save both the parties' and court's time and resources to focus first on the dismissal motions, which would moot summary judgment if granted.

Finally, although the *factual* background set forth in the Motions to Dismiss are the same, the *legal* issues to be addressed in the Motions to Dismiss are dissimilar. For example, the Motion to Dismiss the bankruptcy case is predicated on the application of 11 U.S.C. §1112(b) and the bad faith filing of the Debtor's bankruptcy case to attempt a hostile takeover of the ownership interests of the 94% of TICs that did not file bankruptcy. Conversely, the Motion to Dismiss the adversary proceeding is predicated on the application of Fed. R. Civ. P. 12(b)(1) and (6) which address the Court's lack of jurisdiction and Plaintiff's failure to state a claim. Conflating these two legally distinct matters, while simultaneously requiring the TIC Majority to

---

[3]  The TIC Majority is preparing and will be serving within days of this Response and Motion its discovery in relation to its recently filed Motions to Dismiss. Relatedly, after the close of business on January 16, 2014, Plaintiff propounded significant discovery on all the members of the TIC Majority separately which will require time for an appropriate response. *See e.g.*, requests for admissions, requests for production and interrogatories propounded on TIC 1, which is largely identical to the discovery propounded on all other members of the TIC Majority attached hereto as "**Exhibit A**." A second round of discovery was propounded after close of business on January 17, 2014. *See e.g.*, second round of discovery propounded on TIC 1 that is also largely identical to the discovery propounded on all other members of the TIC Majority attached hereto as "**Exhibit B**."

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

address the Plaintiff's untimely Motion for Summary Judgment, greatly prejudices the TIC Majority.

Accordingly, the TIC Majority respectfully requests that: (1) the hearing on Plaintiff's Motion for Summary Judgment, currently scheduled for January 29, 2014, be continued to a date *after* a hearing is set for the TIC Majority's Motions to Dismiss, and (2) the January 29, 2014 date be used, if at all, as a preliminary hearing on the Motions to Dismiss so that factual and legal issues may be narrowed, and a realistic briefing and discovery schedule be considered. Alternatively, the Pretrial Conference currently scheduled for February 4, 2014 may also be an appropriate time to determine the scheduling of the TIC Majority's Motions to Dismiss and the Plaintiff's Motion for Summary Judgment.

## PROCEDURAL BACKGROUND

1.      On September 17, 2013 (the "***Petition Date***"), without consultation or communication with any Majority or Other TIC, the Debtor put itself into bankruptcy by filing a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").  In other words, the Debtor placed its only asset, a mere 6% interest in the Property into bankruptcy.

2.      None of the other TICs are in bankruptcy.  Put differently, 94% of the interests in the Property are not in bankruptcy.

3.      On November 18, 2013, the Debtor commenced the above-styled adversary (the "***Adversary Proceeding***") against the TIC Majority and Other TICs and Lender by filing a complaint [A.P. ECF No. 1] (the "***Complaint***").

4.      The Adversary Proceeding seeks a compelled conversion of ownership interests in the Property under Section 363(h) of the Bankruptcy Code (the "***Forced Conversion***").

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

5.      On December 31, 2013 the Clerk entered Clerk's Entry of Default against:

    a.  NNN Aventura Harbour Centre 2, LLC [A.P. ECF No. 15];

    b.  NNN Aventura Harbour Centre 9, LLC [A.P. ECF No. 16];

    c.  NNN Aventura Harbour Centre 14, LLC [A.P. ECF No. 17];

    d.  NNN Aventura Harbour Centre 16, LLC [A.P. ECF No. 18];

    e.  NNN Aventura Harbour Centre 18, LLC [A.P. ECF No. 19];

    f.  NNN Aventura Harbour Centre 19, LLC [A.P. ECF No. 20];

    g.  NNN Aventura Harbour Centre 20, LLC [A.P. ECF No. 21]; and

    h.  NNN Aventura Harbour Centre 21, LLC [A.P. ECF No. 22].

6.      On January 3, 2014, Plaintiff filed its Motion for Summary Judgment [A.P. ECF No. 42] against all defendants.

7.      On January 10, 2014, the TIC Majority filed its *Request for Judicial Notice and Motion to Dismiss Plaintiff's Complaint to Compel Sale of Property Pursuant to § 363(b) and (h)* (the "**Motion to Dismiss**") [A.P. ECF No. 51, 52]

8.      On January 14, 2014, the TIC Majority filed its *Motion for an Order Dismissing the Chapter 11 Case of NNN Aventura Harbour Centre, LLC* (the "*Motion to Dismiss Bankruptcy Case*") in the main bankruptcy case ("**B.C.**") [B.C. ECF No. 113].

9.      On January 14, 2014, the Court held a hearing on the TIC Majority's *Ex Parte Motion to Continue Pretrial Conference and all Related Deadlines* [A.P. ECF No. 46], pursuant to which the Court continued the Pretrial Conference to February 4, 2014.

10.      On January 15, 2014, Plaintiff filed the Motion [A.P. ECF No. 64] that is the subject of this Response.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

## LEGAL ARGUMENT

**I.    Plaintiff Does Not Show Good Cause for Shortening Notice Period**

11.    Plaintiff seeks a joint hearing on the TIC Majority's Motions to Dismiss with the Plaintiff's Motion for Summary Judgment.  As a preliminary matter, doing so would violate the notice requirements of Fed. R. Bankr. P. 2002(a)(4) which requires at least 21 days notice for a hearing on dismissal of a chapter 11 case.

12.    To get around this problem, Plaintiff seeks to shorten the notice period pursuant to Fed. R. Bankr. P. 9006(c)(1) which requires a party seeking to shorten notice to explain why the motion must be decided quickly: "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court *for cause shown* may in its discretion . . . order the period reduced." Fed. R. Bankr. P. 9006(c)(1) (emphasis added). Cf. *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012) (explaining that Rule 9006(c)'s "for cause shown" standard requires weighing "prejudice to parties entitled to notice . . . against the reasons for hearing the motion on an expedited basis").

13.    In determining whether "cause" exists to reduce a notice period, "a court must consider, primarily, the prejudice that potentially would result to parties entitled to notice if a reduction is effected, and weigh this against the reasons for shortening the period." *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390, 397 (Bankr. E.D. Pa. 1987); *In re Villareal*, 160 B.R. 786, 788 (Bankr. W.D. Tex. 1993).  The Rule requires "cause shown," not merely cause stated.  "[B]ankruptcy courts should review *ex parte* motions to reduce the notice period carefully to be certain that there is, indeed, good cause for the handicap to the respondents and to the court's information-gathering capacity that is likely to result."  *Hester v. NCNB Texas Nat'l Bank* (*In re Hester*), 899 F.2d 361, 364 at n.3 (5th Cir. 1990).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

14.    Plaintiff has not explained why it *needs* expedited relief – it only speak in terms of the fact that a pretrial conference is scheduled for February 4, 2014.  However, this is not a demonstration of "good cause."  It is merely an attempt by Plaintiff to gain a litigation advantage by cloaking its true intentions with an argument of convenience.  The sum total of the Plaintiff's basis for relief is that:  "[H]earings on the Pending Motions *may* allow the parties to narrow the issues and conserve significant resources."  *See* Motion at ¶ 15.  However, proceeding as the TIC Majority suggests, by setting the Motion for Summary Judgment after a hearing on the Motions to Dismiss, and using either the January 29 hearing date, or the February 4 hearing date to "narrow the issues" accomplishes the same thing without violating the TIC Majority's statutory rights.

15.    Instead of there being cause to shorten time, there is cause to proceed with this litigation in a measured, responsible manner that ensures that no party gains a litigation advantage over the other.  As set forth below, as a result of the different evidentiary burdens required to support each Motion to Dismiss, combining a hearing on both Motions, with Plaintiff's Motion for Summary Judgment is highly prejudicial to the TIC Majority.

**II.    Plaintiff's Motion for Summary Judgment Should be Heard**
     ***After* the Motions to Dismiss**

16.    Conducting a hearing on Plaintiff's Motion for Summary Judgment before discovery is complete, and prior to the Motions to Dismiss being heard,[4] puts the litigation cart before the horse.  Conversely, hearing the Motions to Dismiss prior to the Motion for Summary

---

[4]    As it stands now, only the Motion for Summary Judgment is set for hearing.  Neither the Motion to Dismiss this adversary or the Motion to Dismiss the bankruptcy case have been set for hearing.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

Judgment would save both the parties' and court's time and resources to focus first on the dismissal motions, which would moot summary judgment.

17.     The purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. *See Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038 (1977).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

18.     The party moving for summary judgment has the initial burden of showing the basis for its motion.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

19.     Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to go beyond the mere pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial. *See id*. at 324.  A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

20.     The Court, however, may deny summary judgment if the motion is **premature**. *See Anderson*, 477 U.S. at 250 n.5.  To avoid a party being "railroaded," the United States Supreme Court has held that a district court must apply Fed. R. C. P. 56(f) if the opposing party has not made full discovery.  *Celeotex*, 477 U.S. at 326.

21.     Here, although the TIC Majority will have discovery propounded within days of the date of this filing, it certainly has not made "full discovery."  Accordingly, Plaintiff's Motion

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

for Summary Judgment is not yet "ripe*." See St. Surin v. Virgin Islands Daily News, Inc*., 21 F.3d 1309, 1313 (3d Cir. 1994); *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984).

22.     Relatedly, the Plaintiff, unwittingly or not, has admitted discovery is needed and its Motion for Summary Judgment premature, as a result of its recently propounded discovery.

23.     After the close of business on January 16, 2014, and again after the close of business on January 17, 2014, Plaintiff propounded significant discovery against each separate member of the TIC Majority.  The discovery sought includes requests for substantial (and in some cases burdensome and oppressive) amounts of documents and correspondence, as well as numerous interrogatories and requests for admission.  An example of what was sent to each TIC Majority member is attached hereto as "**Exhibits A and B**."[5]  Considering the amount of discovery propounded on the TIC Majority and the discovery to be propounded on TIC 0 (and other related parties) that is critical to resolution of the substantive issues involved in the adversary and bankruptcy cases, there is no question that a hearing on Plaintiff's Motion for Summary Judgment is premature.

24.     Any hearing on Plaintiff's Motion for Summary Judgment prior to a hearing on the Motions to Dismiss is premature, and should be set for hearing at some time after hearings on the TIC Majority's Motions to Dismiss.

---

[5]  Similar to its request in the Motion, Plaintiff has also sought to shorten the time for the TIC Majority to respond to its Discovery requests [ECF No. 67] – which the TIC Majority likewise opposes, as doing so would give an undue litigation advantage to Plaintiff considering the amount of discovery sought from the various separate members of the TIC Majority.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

III.    **The Evidentiary Burdens for the Motions to Dismiss are Different and Combining Hearings on the Motions to Dismiss with a Hearing on Plaintiff's Motion for <u>Summary Judgment is Highly Prejudicial to the TIC Majority</u>**

25.     The Motion to Dismiss the bankruptcy case is predicated on the bad faith nature of the Debtor's filing, and dismissal is sought pursuant to 11 U.S.C. § 1112(b).  While Section 1112(b)(4) sets forth a list of ten examples of "cause," the list is not exhaustive, and this Court has discretion to consider other factors.

26.     The Motion to Dismiss the adversary case is predicated on Fed. R. Civ. P. 12(b)(1) and (6).  Specifically, Plaintiff has failed to prove it has jurisdiction over the TIC Majority's property and has further failed to adhere to the pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Instead, Plaintiff simply made a formulaic recitation of the elements of 11 U.S.C. § 363(h) and failed to state a plausible (as opposed to a conceivable) cause of action.

27.     Clearly, the Motions to Dismiss include the same factual background – how could they not?  The issue, however, is that the evidentiary burdens for the parties and criteria for relief are very different.

28.     By seeking to have the Court hear the Motion to Dismiss the bankruptcy case at the same time as a hearing on the Motion to Dismiss the adversary Complaint and Plaintiff's Motion for Summary Judgment (which is premature in any event), Plaintiff is cynically attempting to gain an undue litigation advantage.  Plaintiff should not be aided any more than it has been by its ill-advised bankruptcy and adversary cases.  The TIC Majority should have the opportunity to defend itself on equal footing with Plaintiff.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

## CONCLUSION

29.    Based on the foregoing, Plaintiff's Motion is not well-founded and should be denied.  The TIC Majority's Motions to Dismiss should be set for hearing prior to, and not with, Plaintiff's Motion for Summary Judgment.

30.    Accordingly, the TIC Majority respectfully requests that: (1) the hearing on Plaintiff's Motion for Summary Judgment, currently scheduled for January 29, 2014 be continued to a date *after* a hearing is set for the TIC Majority's Motions to Dismiss, and (2) the January 29, 2014 hearing date be used, if at all, as a preliminary hearing on the Motions to Dismiss so that factual and legal issues may be narrowed, and a realistic briefing and discovery schedule considered.  Alternatively, the Pretrial Conference currently scheduled for February 4, 2014 may also be an appropriate time to determine the scheduling of the TIC Majority's Motions to Dismiss and the Plaintiff's Motion for Summary Judgment.

[Remainder of page left blank.  Next page is signature page.]

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

WHEREFORE the TIC Majority respectfully requests the Court to enter an Order denying the Motion and for such other and further relief as the Court deems just and proper.

Dated:  January 21, 2014
        Miami, Florida

   s/ James C. Moon
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandrussin.com
Peter D. Russin, Esquire
Florida Bar No. 765902
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for the TIC Majority Defendants*

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on January 21, 2014, a true and correct copy of the

foregoing was served via the Court's Notice of Electronic Filing upon the parties listed below.


 s/ James C. Moon
James C. Moon, Esquire

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

## Service List

## Mailing Information for Case 13-01830-RBR

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Denise D Dell-Powell    ddpowell@burr.com, ahutchinson@burr.com;greid@burr.com
- Brett D Lieberman    blieberman@messana-law.com, thurley@messana-law.com;emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net
- Thomas M. Messana    tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com
- James C. Moon    jmoon@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Michael A. Nardella    michael.nardella@burr.com, jlindval@burr.com,greid@burr.com
- Bradley S Shraiberg    bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;vchapkin@sfl-pa.com;lrosetto@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383607.DOCX.}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                         Case No. 13-32195-RBR

NNN Aventura Harbour Centre, LLC,                              Chapter 11

      Debtor.

_____/

NNN Aventura Harbour                                           Adv. Pro. No. 13-01830-RBR
Centre, LLC,

      Plaintiff,
v.

NNN Aventura Harbour Centre 1, LLC, et al.,

      Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### FROM NNN AVENTURA HARBOUR CENTRE 1, LLC

Pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure and Rule 36 of the Federal Rules of Civil Procedure, Plaintiff/Debtor, NNN Aventura Harbour Centre, LLC ("Debtor"), hereby submits these Requests for Admissions to Defendant, NNN Aventura Harbour Centre 1, LLC ("TIC").  These Requests for Admissions shall be answered and shall be served in the time and manner provided by applicable rules, or order of the court, upon the undersigned counsel at the law offices of Messana, P.A., Attn. Thomas M. Messana, 401 E. Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301.

**I HEREBY CERTIFY** *that this First Request for Admissions from NNN Aventura Harbour Centre 1, LLC* was served on January 16, 2013 by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive CM/ECF notices, including

EXHIBIT A

Peter D. Russin, Meland Russin & Budwick, P.A., counsel for certain Defendants,  Denise D.

Dell-Powell, Burr & Forman, LLP, counsel for Defendant, C-III Asset Management LLC, a

Delaware limited liability company, as Special Servicer for Wells Fargo Bank, N.A., as Trustee

for Morgan Stanley Capital I Inc., Commercial Mortgage Pass-through Certificates, Series 2006-

IQ12.

 

                                    MESSANA, P.A.
                                    *Counsel for the Debtor*
                                    401 E. Las Olas Boulevard, Suite 1400
                                    Fort Lauderdale, Florida  33301
                                    Telephone:  (954) 712-7400
                                    Facsimile:    (954) 712-7401
                                    tmessana@messana-law.com

                                    By:  ___/s/ Thomas M. Messana_____
                                          Thomas M. Messana
                                          Florida Bar No. 991422

## INSTRUCTIONS AND DEFINITIONS

Plaintiff incorporates by reference the definitions and instructions contained in its First Set of Interrogatories addressed to the TIC as if set forth at length herein.

## REQUEST FOR ADMISSIONS

1.      Admit that partition in kind of the Property among the estate and the Other Defendants is impracticable.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.


2.      Admit that the Debtor's undivided interest in the Property has little salable value.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

3.      Admit that since January 2012, You have not relied on the rent paid by the tenants of the Property to pay part of Your retirement living expenses.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

4.      Admit that Your undivided interest in the Property has little salable value.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

5.      Admit that you have had not made any management decisions regarding the Property since January 2012.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 13-32195-RBR

NNN Aventura Harbour Centre, LLC,                         Chapter 11

     Debtor.

_____/

NNN Aventura Harbour                                      Adv. Pro. No. 13-01830-RBR
Centre, LLC,

     Plaintiff,

v.

NNN Aventura Harbour Centre 1, LLC, et al.,

     Defendants.

_____/

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS FROM
DEFENDANT NNN AVENTURA HARBOUR CENTRE 1, LLC**

     Plaintiff, NNN Aventura Harbour Centre, LLC (the "Plaintiff" or the "Debtor"), by its

undersigned attorneys and pursuant to Rule 34 of the Federal Rules of Civil Procedure, made

applicable to bankruptcy proceedings by Rule 7034 of the Federal Rules of Bankruptcy

Procedure, hereby requests that the Defendant, NNN Aventura Harbour Centre 1, LLC

("Defendant"), produce the following documents for inspection and copying at the law offices of

Messana, P.A., 401 East Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301 within

30 days from the date of service.

## *DEFINITIONS*

    A.    "Document" means any written or graphic matter or other means of preserving
thought or expression, and all tangible things from which information can be
processed or transcribed, including the originals and all non-identical copies,

whether different from the original by reasons of any notation made on such copy or otherwise, including, but not limited to, correspondence, email, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins or other communications, memoranda or notes of intraoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, deposit slips, bank statements, wire transfer receipts and confirmations, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes, and amendments of any of the foregoing), graphics or oral records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, and electronic, mechanical, electric, or chemical recordings or representations of any kind (including without limitation, tapes, cassettes, disks, recordings), as well as any medium of expressions, fixed and in tangible form.   Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smartphones, tablets, SMS or MMS text messages, cellular telephone based text communications, Blackberry/Research in Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service (e.g., Google Chat, ICQ Chat, AOL Instant Messenger, MSN Messenger, etc.), proprietary software and inactive or unused computer disc storage areas.   All electronically stored information produced shall be produced in its native format, and all requests expressly include requests for all metadata associated with the files to be produced.  All electronically stored information shall include, without limitation, writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations which are stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.   Copies of Documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available shall be considered to be separate documents.

B.      "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation or agreement and, also, means any transfer of thoughts or ideas between persons (as defined herein) by means of documents and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media (e.g., Facebook, MySpace, Twitter, etc.).

C.     "Any and all Documents" means every Document or group of Documents or Communications as above defined known to you, and every such Document or Communication which can be located or discovered by reasonably diligent effort. "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

D.     The "Defendant" shall mean defendant NNN Aventura Harbour Centre 1, LLC, and its agents, employees, servants, attorneys, accountants, partners, associates, representatives, and any person or entity acting or who has acted on its behalf.

E.     "You," "your" and "yourself" means and refers to each person and entity to whom these requests are directed and any employee, agent, attorney, any other person acting for, or on behalf of, or under the authority or control of such person or entity, or others who are in possession of or who may have obtained information for or on behalf of such person or entity.  It also means and refers to any legal entity as to which such person or entity has served, or does serve, as an officer, director, member, manager, partner, direct owner, or indirect owner.   NNN Aventura Harbour Centre 1, LLC is included in this definition.

F.     As used herein, the singular and masculine form of nouns and pronouns shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate and shall not be interpreted so as to exclude any information or documents otherwise within the scope of this request.

G.     The conjunctions "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of this request any documents which might otherwise be construed to be outside of its scope.

H.     The terms "support," "evidence," "evidencing," "relate to," including its various forms such as "relating to," and "related to," "referred to," "concerning," "pertaining to," "involving" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

I.     "Breakwater" shall mean Breakwater Equity Partners.

J.     "Including" is used in the sense of specification and is not to be construed as a word of limitation.

K.     "Possession, custody, or control" shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

L.      "Person" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise, and includes both the singular and plural.

M.      The "Complaint" shall mean the *Plaintiff's Complaint to Compel Sale of Property Pursuant to § 363(b)(h)* (ECF No. 1) in Adversary Proceeding, Case No. 13-32195-RBR.

N.      "Property" shall mean that certain 11-story Class A office building (approximately 213,878 square feet) with an adjacent 1-story structure, located at or near 18851 NE 29th Avenue, Aventura, Florida.

O.      "Petition Date" shall mean September 17, 2013.

P.      The "Debtor" shall mean NNN Aventura Harbour Centre, LLC.

Q.      "Other Defendants" means NNN Aventura Harbour Centre 2, LLC, NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, LLC, NNN Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN Aventura Harbour Centre 9, LLC, NNN Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN Aventura Harbour Centre 14, LLC, NNN Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 16, LLC, NNN Aventura Harbour Centre 17, LLC, NNN Aventura Harbour Centre 18, LLC, NNN Aventura Harbour Centre 19, LLC, NNN Aventura Harbour Centre 20, LLC, NNN Aventura Harbour Centre 21, LLC, NNN Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN Aventura Harbour Centre 26, LLC, NNN Aventura Harbour Centre 27, LLC, NNN Aventura Harbour Centre 28,, LLC, NNN Aventura Harbour Centre 31, LLC, NNN Aventura Harbour Centre 32, LLC, NNN Aventura Harbour Centre 33, LLC, NNN Aventura Harbour Centre 34, LLC.

R.      "Objecting TICs" shall mean NNN Aventura Harbour Centre 1, LLC, NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, NNN Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 17, LLC, NNN Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN Aventura Harbour Centre 24, LLC, NNN Aventura

4

Harbour Centre 25, LLC, NNN Aventura Harbour Centre 26, LLC, NNN Aventura Harbour Centre 27, LLC, NNN Aventura Harbour Centre 28, LLC, NNN Aventura Harbour Centre 31, LLC, NNN Aventura Harbour Centre 32, LLC and NNN Aventura Harbour Centre 33, LLC.

S.      "Lender" shall mean C-III Asset Management LLC, a Delaware LLC, as Special Servicer for Wells Fargo Bank, N.A., as Trustee for Morgan Stanley Capital 1 Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12.

T.      "Motion to Dismiss" shall mean *Defendants' Request for Judicial Notice and Motion to Dismiss* (ECF No. 52) in Adversary Proceeding, Case No. 13-32195-RBR.

U.      All other terms used in these Interrogatories have the meaning given by the Bankruptcy Code or by common usage unless otherwise required by the context.

## *INSTRUCTIONS*

The following instructions shall apply to this document request:

1.  This document request is continuing in nature. When new knowledge or information comes to your attention, you shall supplement the information supplied in the answers to the document request forthwith.

2.  To the extent documents responsive to the requests herein include privileged information, please redact the privileged information prior to producing documents and provide a privilege log regarding same.

3.  For each and every request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person (as defined above). The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereto. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copy each and every copy and draft which differs in any way from the original document or from any copy or draft.

4.  If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in

5

your possession, any such documents shall be identified as completely as possible by providing the following information: (i) the name(s) of the author(s) of the document; (ii) the name(s) of the person(s) to whom the documents or copies were sent; (iii) the date of the document; (iv) the date on which the document was received by each addressee, copyee, or its recipients; (v) a complete description of the nature and subject matter of the document; (vi) the date on which the document was lost, discarded, or destroyed; and (vii) the manner in which the document was lost, discarded, or destroyed.

5.  With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document: (i) the name(s) of the sender(s) of the document; (ii) the name(s) of the author(s) of the document; (iii) the name(s) of the person(s) to whom the document or copies were sent; (iv) the job title of every person named in subparagraphs 1, 2 and 3 above; (v) the date of the document; (vi) the date on which the document was received by each addressee, copyee, or its recipient; (vii) a brief description of the nature and subject matter of the document; and (viii) the statute, rule, or decision which is claimed to give rise to the privilege.

6.  If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person (as defined above) who has possession, custody, or control of the requested document(s).

7.  All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined herein.

8.  Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

## *IDENTIFICATION OF DOCUMENTS*

In an effort to promote an orderly presentation of documentary evidence in this case, to ensure full compliance with this process and to facilitate the return of documents to the owners thereof when they are no longer required, please identify each document produced in response to these requests with identifying initials and consecutively number same ("Bates-stamp").  In addition, please place the documents called for by each item of these requests in a separate

enclosure marked with the paragraph number of the request to which it is responsive, or separate each set of documents with exhibit tabs that correspond to the paragraph number of the request to which each set of documents is responsive.

## DOCUMENTS REQUESTED

**Request No. 1:**    Any and all Documents which Defendant contends are relevant to this case.

**Request No. 2:**    Any and all Documents reflecting the cash basis of Your interest in the Property.

**Request No. 3:**    Any and all Documents which reflect any response by You to the Capital Calls referred to in the Complaint.

**Request No. 4:**    Any and all Communications between You and Breakwater since 2009.

**Request No. 5:**    Any and all Documents received from Breakwater since September 17, 2013.

**Request No. 6:**    Any and all Documents You sent to Breakwater since September 17, 2013.

**Request No. 7:**    Any and all Initial Analysis Summary or other reports provided to You by Breakwater.

**Request No. 8:**    Any and all Communications between You and the Lender related to the Property from 2010 to the date of this request.

**Request No. 9:**    Any and all Communications between You and any potential purchaser of the Property from 2010 to the date of this request.

**Request No. 10:**    Any and all appraisals related to the Property since 2011.

**Request No. 11:**    Any and all valuations of Your interest in the Property since 2011.

**Request No. 12:**    Any and all Documents related to the value of the Property since 2011.

**Request No. 13:**    Any and all Documents which reflect receipt by You of rents or profits derived from the Property since 2011.

**Request No. 14:**    Any and all Documents which reflect any amounts paid to You in connection with the Property since 2006.

**Request No. 15:**    Any and all Documents which support Your representation that you have

received rents from the Property since 2011.

<u>Request No. 16:</u>        Any and all Documents which support Your representation in Your Motion to Dismiss that You are a retiree "who relied on the rent paid by the tenants of the Property to pay part of [Your] retirement living expenses." Motion to Dismiss at ¶37.

<u>Request No. 17:</u>        Any and all Documents reflecting Your financial condition for the period of January 1, 2011 to present.

<u>Request No. 18:</u>        Any and all Documents reflecting Your sources of income for the period of January 1, 2011 to present.

<u>Request No. 19:</u>        Any and all Documents related to Your tax consequences of a sale of the Property to a third party in which You would not be entitled to participate.

<u>Request No. 20:</u>        Any and all common interests, joint defense or similar agreements you have entered into since September 17, 2013.

<u>Request No. 21:</u>        Any and all Documents which Defendant intends to rely upon in opposition to the Plaintiff's Motion for Summary Judgment (ECF No. 42).

<u>Request No. 22:</u>        Any and all Documents which Defendant intends to rely upon in support of Defendants Motion to Dismiss.

<u>Request No. 23:</u>        Any and all Documents which Defendant intends to rely upon in support of Defendants Motion to Dismiss filed in the Debtor's Bankruptcy Case, Case No. 13-32198-RBR (Main Case, ECF No. 113).

Dated: January 16, 2014

                                        Respectfully submitted,

                                        MESSANA, P.A.
                                        *Attorneys Plaintiff*
                                        401 East Las Olas Boulevard
                                        Suite 1400
                                        Fort Lauderdale, FL 33301
                                        Telephone: (954) 712-7400
                                        Facsimile: (954) 712-7401
                                        E-mail: tmessana@messana-law.com
                                        By: <u>/s/ Thomas M. Messana</u>
                                            Thomas M. Messana, Esq.
                                            Florida Bar No. 991422

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 13-32195-RBR

NNN Aventura Harbour Centre, LLC,                         Chapter 11

      Debtor.

_____/

NNN Aventura Harbour                                      Adv. Pro. No. 13-01830-RBR
Centre, LLC,

      Plaintiff,

v.

NNN Aventura Harbour Centre 1, LLC, et al.,

      Defendants.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT NNN AVENTURA HARBOUR CENTRE 1, LLC

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure and Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, NNN Aventura Harbour Centre, LLC (the "Plaintiff" or the "Debtor")  hereby demands that NNN Aventura Harbour Centre 1, LLC ("Defendant"), separately answer under oath each of the Interrogatories hereinafter set forth and serve a sworn copy of such answers upon the undersigned counsel at the law offices of Messana, P.A., Attn. Thomas M. Messana, 401 E. Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301 within thirty (30) days after the service of these Interrogatories.  These Interrogatories are continuing in character and require the Defendant to file supplementary answers as soon as reasonably possible if it obtains further or different information after the initial answers, prior to trial.

Dated: January 16, 2014

MESSANA, P.A.
*Attorneys for the Debtor*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 712-7400
Facsimile: (954) 712-7401
E-mail: tmessana@messana-law.com

By: /s/ Thomas M. Messana
      Thomas M. Messana, Esq.
      Florida Bar No. 991422

## <u>INSTRUCTIONS AND DEFINITIONS</u>

A.      These Interrogatories are continuing in character, so as to require the Defendant to file supplemental answers if the Defendant obtains further, contradictory, or different information.  Such supplemental answers, if any, shall be filed from time to time promptly upon the discovery by you of such supplemental information.  Each Interrogatory is to be answered separately and as completely as possible.  The fact that an investigation is continuing and discovery is not complete shall not be used as a reason for failure to answer any such Interrogatory as fully as possible.  The omission of any name, fact, or other item of information from the answer shall be deemed a representation that such name, fact, or item is not known to the Defendant, its counsel, or other representatives or agents of the Defendant.

B.      Answers shall be based upon information known to the Defendant, its agents, attorneys, partners, associates, employees, servants, representatives, investigators, or any other party or entity acting or who has acted by or on behalf of the Defendant.  To the extent that the answer to any Interrogatory is not based upon information known to the Defendant, the Defendant shall specify that fact and the person or entity possessing such information.

C.      If the answer to all or any part of an Interrogatory is not presently known or available, include a statement to that effect, specifying the portion of the Interrogatory that cannot be completely answered.  However, once information is available, the Defendant is required to furnish all information available in response to the entire Interrogatory by supplemental answer as required above.

D.      If the Defendant refuses to answer any Interrogatory or any part thereof on the grounds of privilege, the Defendant must identify the basis for the privilege claimed, the nature of any information that it refuses to disclose, referring specifically to the Interrogatory or any

part thereof to which the Interrogatory applies and by identifying the form in which said information exists, the date of the document or oral communication, and the general subject matter of the document or oral communication.

E.      As used in these Interrogatories, the following terms shall have the following meanings:

1.      The terms "you" or "your" or "yourself" shall mean the answering Defendant, and/or any of its agents, attorneys, partners, associates, employees, servants, representatives, investigators, and any person or entity acting or who has acted by or on behalf of the Defendant.

2.      "Person" shall mean any natural person or any corporation, limited liability company, partnership, association, joint venture, firm, or other business enterprise or legal entity and means both the singular and the plural.

3.      "Document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reasons of any notation made on such copy or otherwise, including, but not limited to, correspondence, email, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins or other communications, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, memoranda or notes of intraoffice and interoffice telephone calls, diaries, manuals, calendars, desk pads, scrapbooks, notebooks, chronological data, minutes, books, reports, magazines, booklets, brochures, instructions, charts, ledgers, invoices, purchase orders, statements of account, credit and debit memoranda, loan agreements, bills, installment contracts, mortgages, deeds of trust,

4

security agreements, certificates of title, financing statements, instruments, expense accounts, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, worksheets, affidavits, contracts, agreements, promissory notes, partnership agreements, articles of incorporation, catalogue price lists, canceled checks, deposit slips, bank statements, bank books, receipt and disbursement journals, tax returns, check stubs, credit card receipts, income statements, profit and loss statements, drafts, certificates, tabulations, questionnaires, tables, sketches, tax reports, working papers, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), resumes, address books, appointment books or telephone logs, wire transfer receipts and confirmations, transcripts, statistics, surveys, magazine or newspaper articles, releases, deposition transcripts, pleadings, orders, appraisals, estimates, valuations, opinions, studies, analyses, summaries (and any and all drafts, alterations and modifications, changes, and amendments of any of the foregoing), graphics or oral records or representations of any kind, including without limitation, blueprints, photographs, negatives, charts, graphs, maps, microfiche, microfilm, videotape, recordings, motion pictures, speeches, and electronic, mechanical, electric, or chemical recordings or representations of any kind (including without limitation, tapes, cassettes, disks, recordings), as well as any medium of expressions, fixed and in tangible form.  Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smartphones, tablets, SMS or MMS text messages, cellular telephone based text communications, Blackberry/Research in

Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service (e.g., Google Chat, ICQ Chat, AOL Instant Messenger, MSN Messenger, etc.), proprietary software and inactive or unused computer disc storage areas.

4.      "Breakwater" shall mean Breakwater Equity Partners.

5.      "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, contact, or agreement, formal or informal at any time or place or under any circumstances whatsoever, and, also, means any transfer of thoughts or ideas between persons (as defined herein) by means of documents and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media (e.g., Facebook, MySpace, Twitter, etc.). Where you are requested to identify or list any communications, your identification or list of such communications shall require you separately as to each communication, to identify the mode of such communication, to identify the persons who participated in such communication, to identify the persons who overheard or had access to such communication, and to state the date of such communication, the time and/or place of such communication, and the subject matter of such communication.

6.      "Identify" or "state the identity of" shall have the following meaning when used in the following contexts:

      a.      When used in connection with a natural person, you are required to state his or her: (a) full name; (b) present or last known home address (including street name and number, city, and state); (c) present or last known business

6

address; (d) present position, business affiliation, and job description and, if unknown, so state and set forth the corresponding last known such information; and (e) position, business affiliation, and job description at the time in question, with respect to the Interrogatory or other request involved.

   b.     When used in connection with a corporation, limited liability company, partnership, association, joint venture, firm, or other business enterprise or legal entity, you are required to state in the answer in each instance: (a) the full name and address; (b) a brief description of the primary business in which such entity is engaged; and (c) the identity of all persons who acted or were authorized to act on its behalf in connection with the matter referred to.

   c.     When used in connection with a document or writing, you are required to state in the answer in each instance: (a) whether or not such document is known to be in existence at the time of the answer; (b) the date of the document; (c) type of document (e.g., letter, memorandum, computer printout, estimate, etc.); (d) identity of the author(s), addressee(s), and any other person to whom the document was shown or distributed; (e) any filing or identifying number; and (f) the present or last  known location and/or custodian thereof.  If any such document was, but is no longer in the possession of or subject to control of Defendant or any affiliated business entity, state what and when disposition was made of it.

   d.     When used in connection with an oral communication, you are required to state in the answer in each instance: (a) the identity of each person communicating; (b) the identity of the recipient(s) and intended recipient(s) of the

communication; (c) the identity of each person present or otherwise aware of the substance of the communication; (d) the date and the place where it was made; (e) the identity of any document or writing that embodies, includes, reflects, concerns, relates, refers to, or is based upon oral communication; and (f) a detailed description of the substance of the communication.

e.      When used in connection with a transaction, you are required to state in the answer in each instance: (a) a description of the property or thing that is the subject of the transaction; (b) the identity of the parties to the transaction; (c) the date of the transaction; (d) the place or site where the transaction took place; (e) the location of the property or thing that was the subject to the transaction at the time the transaction took place; (f) the identity of all persons who have knowledge of the transaction; and (g) identify all documents that refer or relate to the transaction.

f.      When used in connection with products or merchandise, you are required to state in the answer in each instance: (a) the full name of the product; (b) the use or purpose of the product; (c) the manufacturer of the product; (c) all persons who have personal knowledge of the sale or use of the product;  (d) the volume of the product sold; (e) the gross receipts received from the sale of the product for each year that the product was sold; and (f) the identity of any documents that relate to the ownership of the product or the right to proceeds from the sale or use of the product.

7.      The "Defendant" shall mean defendant NNN Aventura Harbour Centre 1, LLC, and its agents, employees, servants, attorneys, accountants, partners, associates, representatives, and any person or entity acting or who has acted on its behalf.

8.      The "Debtor" shall mean NNN Aventura Harbour Centre, LLC.

9.      The "Complaint" shall mean the *Plaintiff's Complaint to Compel Sale of Property Pursuant to § 363(b)(h)* (ECF No. 1) in Adversary Proceeding, Case No. 13-32195-RBR.

10.     "Property" shall mean that certain 11-story Class A office building (approximately 213,878 square feet) with an adjacent 1-story structure, located at or near 18851 NE 29th Avenue, Aventura, Florida.

11.     "Other Defendants" shall mean NNN Aventura Harbour Centre 2, LLC, NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, LLC, NNN Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN Aventura Harbour Centre 9, LLC, NNN Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN Aventura Harbour Centre 14, LLC, NNN Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 16, LLC, NNN Aventura Harbour Centre 17, LLC, NNN Aventura Harbour Centre 18, LLC, NNN Aventura Harbour Centre 19, LLC, NNN Aventura Harbour Centre 20, LLC, NNN Aventura Harbour Centre 21, LLC, NNN Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN Aventura Harbour Centre 26, LLC, NNN

Aventura Harbour Centre 27, LLC, NNN Aventura Harbour Centre 28,, LLC, NNN

Aventura Harbour Centre 31, LLC, NNN Aventura Harbour Centre 32, LLC, NNN

Aventura Harbour Centre 33, LLC, NNN Aventura Harbour Centre 34, LLC.

12.    "Objecting TICs" shall mean NNN Aventura Harbour Centre 1, LLC,

NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, NNN

Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN

Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN

Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN

Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN

Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 17, LLC, NNN

Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN

Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN

Aventura Harbour Centre 26, LLC, NNN Aventura Harbour Centre 27, LLC, NNN

Aventura Harbour Centre 28, LLC, NNN Aventura Harbour Centre 31, LLC, NNN

Aventura Harbour Centre 32, LLC and NNN Aventura Harbour Centre 33, LLC.

13.    "Petition Date" shall mean September 17, 2013.

14.    "Lender" shall mean C-III Asset Management LLC, a Delaware LLC, as

Special Servicer for Wells Fargo Bank, N.A., as Trustee for Morgan Stanley Capital 1

Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12.

15.    "Motion to Dismiss" shall mean *Defendants' Request for Judicial Notice*

*and Motion to Dismiss* (ECF No. 52) in Adversary Proceeding, Case No. 13-32195-RBR.

16.    All other terms used in these Interrogatories have the meaning given by

the Bankruptcy Code or by common usage unless otherwise required by the context.

F.      To the extent you object to or claim a privilege with respect to any Interrogatory, in whole or in part, set forth all reasons and the underlying factual basis for your objection or claim of privilege in sufficient detail to permit the Court to determine the validity of your objection or claim of privilege.

G.      Each Interrogatory shall be construed to impose upon the party answering it the continuing obligation to supplement the answer thereto with information later learned by such party which is necessary to make the answer complete or correct.

H.      The answers to the Interrogatories shall be signed by the person making them, and the objections signed by the attorney making them.

## INTERROGATORIES

Interrogatory No. 1:    Identify each person who helped prepare or supply information for your answers to these Interrogatories.

Interrogatory No. 2:    Identify all persons with personal knowledge of any facts stated in (i) the Complaint, (ii) any responsive paper or pleading, or (iii) your answers to these Interrogatories. With respect to each person identified in your answer to this Interrogatory, state each fact as to which such person has personal knowledge.

Interrogatory No. 3:    Identify all facts which support Your representation in Your Motion to Dismiss that You are a retiree "who relied on the rent paid by the tenants of the Property to pay part of [Your] retirement living expenses." Motion to Dismiss at ¶37.

Interrogatory No. 4:    Identify all facts related to Your tax consequences of a sale of the Property to an independent third party.

Interrogatory No. 5:    Describe all actions You have taken related to the valuation of the Property.

11

Interrogatory No. 6:  Describe all actions You have taken to related to selling the Property.

Interrogatory No. 7:  Describe Your relationship with Breakwater.

Interrogatory No. 8:  Identify each and every communication between You and Breakwater since 2011.

Interrogatory No. 9:  Identify each and every communication between You and the Lender since 2011.

Interrogatory No. 10:  Describe what actions You took in response to the capital calls referenced in the Complaint.

Interrogatory No. 11:  Identify each and every receipt by You of rents or profits derived from the Property since 2011.

Interrogatory No. 12:  Identify each and every amount paid by You in connection with the Property since 2006.

Interrogatory No. 13:  Describe any and all facts which support Your representation that you have received rents from the Property since 2011.

Interrogatory No. 14:  Identify any and all Communications between You and any potential purchaser of the Property from 2010 to the date of this Interrogatory.

Interrogatory No. 15:  Identify Your sources of income for the period of January 1, 2011 to present.

Interrogatory No. 16:  Describe any meeting between You and the Debtor since 2011.

Interrogatory No. 17:  Explain why you decided to join the Objecting TICs.

Interrogatory No. 18:  Identify all persons who asked you to participate in the Objecting TICs.

Interrogatory No. 19:  What do you believe is the current value of Your interest in the Property?

Interrogatory No. 20:  What do you believe your detriment will be if the Property is sold to a new company and you are allowed to participate in the ownership structure in a way that would allow you to exercise a 26 U.S.C. §721 election?

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                      Case No. 13-32195-RBR

NNN Aventura Harbour Centre, LLC,                           Chapter 11

      Debtor.

_____/

NNN Aventura Harbour                                        Adv. Pro. No. 13-01830-RBR
Centre, LLC,

      Plaintiff,

v.

NNN Aventura Harbour Centre 1, LLC, et al.,

      Defendants.

_____/

**PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS**
**FROM NNN AVENTURA HARBOUR CENTRE 1, LLC**

     Pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure and Rule 36 of the

Federal Rules of Civil Procedure, Plaintiff/Debtor, NNN Aventura Harbour Centre, LLC

("Debtor"), hereby submits these Requests for Admissions to Defendant, NNN Aventura

Harbour Centre 1, LLC ("TIC").  These Requests for Admissions shall be answered and shall be

served in the time and manner provided by applicable rules, or order of the court, upon the

undersigned counsel at the law offices of Messana, P.A., Attn. Thomas M. Messana, 401 E. Las

Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301.

     **I HEREBY CERTIFY** *that this Second Request for Admissions from NNN Aventura*

*Harbour Centre 1, LLC* was served on January 17, 2013 by transmission of Notice of Electronic

Filing generated by CM/ECF to those parties registered to receive CM/ECF notices, including

EXHIBIT B

Peter D. Russin, Meland Russin & Budwick, P.A., counsel for certain Defendants,  Denise D.

Dell-Powell, Burr & Forman, LLP, counsel for Defendant, C-III Asset Management LLC, a

Delaware limited liability company, as Special Servicer for Wells Fargo Bank, N.A., as Trustee

for Morgan Stanley Capital I Inc., Commercial Mortgage Pass-through Certificates, Series 2006-

IQ12.


MESSANA, P.A.
*Counsel for the Debtor*
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida  33301
Telephone:  (954) 712-7400
Facsimile:   (954) 712-7401
tmessana@messana-law.com


By: ____/s/ Thomas M. Messana_____
      Thomas M. Messana
      Florida Bar No. 991422

2

## INSTRUCTIONS AND DEFINITIONS

Plaintiff incorporates by reference the definitions and instructions contained in its Second Set of Interrogatories addressed to the TIC as if set forth at length herein.

## REQUEST FOR ADMISSIONS

1.      Admit that TIC conducts no other business than that related to the Property.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

2.      Admit that TIC does not have any other assets than the Property.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

3.      Admit that TIC has no liabilities other than those related to the Property.

_____ Admitted

3

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 13-32195-RBR

NNN Aventura Harbour Centre, LLC,                         Chapter 11

        Debtor.

_____/

NNN Aventura Harbour                                      Adv. Pro. No. 13-01830-RBR
Centre, LLC,

        Plaintiff,
v.

NNN Aventura Harbour Centre 1, LLC, et al.,

        Defendants.

_____/

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT NNN AVENTURA HARBOUR CENTRE 1, LLC

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure and Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, NNN Aventura Harbour Centre, LLC (the "Plaintiff" or the "Debtor")  hereby demands that NNN Aventura Harbour Centre 1, LLC ("Defendant"), separately answer under oath each of the Interrogatories hereinafter set forth and serve a sworn copy of such answers upon the undersigned counsel at the law offices of Messana, P.A., Attn. Thomas M. Messana, 401 E. Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301 within thirty (30) days after the service of these Interrogatories.  These Interrogatories are continuing in character and require the Defendant to file supplementary answers as soon as reasonably possible if it obtains further or different information after the initial answers, prior to trial.

Dated: January 17, 2014

MESSANA, P.A.
*Attorneys for the Debtor*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 712-7400
Facsimile: (954) 712-7401
E-mail: tmessana@messana-law.com

By: /s/ Thomas M. Messana
       Thomas M. Messana, Esq.
       Florida Bar No. 991422

## INSTRUCTIONS AND DEFINITIONS

A.     These Interrogatories are continuing in character, so as to require the Defendant to file supplemental answers if the Defendant obtains further, contradictory, or different information.  Such supplemental answers, if any, shall be filed from time to time promptly upon the discovery by you of such supplemental information.  Each Interrogatory is to be answered separately and as completely as possible.  The fact that an investigation is continuing and discovery is not complete shall not be used as a reason for failure to answer any such Interrogatory as fully as possible.  The omission of any name, fact, or other item of information from the answer shall be deemed a representation that such name, fact, or item is not known to the Defendant, its counsel, or other representatives or agents of the Defendant.

B.     Answers shall be based upon information known to the Defendant, its agents, attorneys, partners, associates, employees, servants, representatives, investigators, or any other party or entity acting or who has acted by or on behalf of the Defendant.  To the extent that the answer to any Interrogatory is not based upon information known to the Defendant, the Defendant shall specify that fact and the person or entity possessing such information.

C.     If the answer to all or any part of an Interrogatory is not presently known or available, include a statement to that effect, specifying the portion of the Interrogatory that cannot be completely answered.  However, once information is available, the Defendant is required to furnish all information available in response to the entire Interrogatory by supplemental answer as required above.

D.     If the Defendant refuses to answer any Interrogatory or any part thereof on the grounds of privilege, the Defendant must identify the basis for the privilege claimed, the nature of any information that it refuses to disclose, referring specifically to the Interrogatory or any

3

part thereof to which the Interrogatory applies and by identifying the form in which said information exists, the date of the document or oral communication, and the general subject matter of the document or oral communication.

   E. As used in these Interrogatories, the following terms shall have the following meanings:

    1. The terms "you" or "your" or "yourself" shall mean the answering Defendant, and/or any of its members, owners, agents, attorneys, partners, associates, employees, servants, representatives, investigators, and any person or entity acting or who has acted by or on behalf of the Defendant.

    2. "Person" shall mean any natural person or any corporation, limited liability company, partnership, association, joint venture, firm, or other business enterprise or legal entity and means both the singular and the plural.

    3. "Document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reasons of any notation made on such copy or otherwise, including, but not limited to, correspondence, email, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins or other communications, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, memoranda or notes of intraoffice and interoffice telephone calls, diaries, manuals, calendars, desk pads, scrapbooks, notebooks, chronological data, minutes, books, reports, magazines, booklets, brochures, instructions, charts, ledgers, invoices, purchase orders, statements of account, credit and debit memoranda, loan agreements, bills, installment contracts, mortgages, deeds of trust,

security agreements, certificates of title, financing statements, instruments, expense accounts, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, worksheets, affidavits, contracts, agreements, promissory notes, partnership agreements, articles of incorporation, catalogue price lists, canceled checks, deposit slips, bank statements, bank books, receipt and disbursement journals, tax returns, check stubs, credit card receipts, income statements, profit and loss statements, drafts, certificates, tabulations, questionnaires, tables, sketches, tax reports, working papers, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), resumes, address books, appointment books or telephone logs, wire transfer receipts and confirmations, transcripts, statistics, surveys, magazine or newspaper articles, releases, deposition transcripts, pleadings, orders, appraisals, estimates, valuations, opinions, studies, analyses, summaries (and any and all drafts, alterations and modifications, changes, and amendments of any of the foregoing), graphics or oral records or representations of any kind, including without limitation, blueprints, photographs, negatives, charts, graphs, maps, microfiche, microfilm, videotape, recordings, motion pictures, speeches, and electronic, mechanical, electric, or chemical recordings or representations of any kind (including without limitation, tapes, cassettes, disks, recordings), as well as any medium of expressions, fixed and in tangible form.  Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smartphones, tablets, SMS or MMS text messages, cellular telephone based text communications, Blackberry/Research in

Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service (e.g., Google Chat, ICQ Chat, AOL Instant Messenger, MSN Messenger, etc.), proprietary software and inactive or unused computer disc storage areas.

   4.  "Breakwater" shall mean Breakwater Equity Partners.

   5.  "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, contact, or agreement, formal or informal at any time or place or under any circumstances whatsoever, and, also, means any transfer of thoughts or ideas between persons (as defined herein) by means of documents and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media (e.g., Facebook, MySpace, Twitter, etc.). Where you are requested to identify or list any communications, your identification or list of such communications shall require you separately as to each communication, to identify the mode of such communication, to identify the persons who participated in such communication, to identify the persons who overheard or had access to such communication, and to state the date of such communication, the time and/or place of such communication, and the subject matter of such communication.

   6.  "Identify" or "state the identity of" shall have the following meaning when used in the following contexts:

     a.  When used in connection with a natural person, you are required to state his or her: (a) full name; (b) present or last known home address (including street name and number, city, and state); (c) present or last known business

6

address; (d) present position, business affiliation, and job description and, if unknown, so state and set forth the corresponding last known such information; and (e) position, business affiliation, and job description at the time in question, with respect to the Interrogatory or other request involved.

b.      When used in connection with a corporation, limited liability company, partnership, association, joint venture, firm, or other business enterprise or legal entity, you are required to state in the answer in each instance: (a) the full name and address; (b) a brief description of the primary business in which such entity is engaged; and (c) the identity of all persons who acted or were authorized to act on its behalf in connection with the matter referred to.

c.      When used in connection with a document or writing, you are required to state in the answer in each instance: (a) whether or not such document is known to be in existence at the time of the answer; (b) the date of the document; (c) type of document (e.g., letter, memorandum, computer printout, estimate, etc.); (d) identity of the author(s), addressee(s), and any other person to whom the document was shown or distributed; (e) any filing or identifying number; and (f) the present or last  known location and/or custodian thereof.  If any such document was, but is no longer in the possession of or subject to control of Defendant or any affiliated business entity, state what and when disposition was made of it.

d.      When used in connection with an oral communication, you are required to state in the answer in each instance: (a) the identity of each person communicating; (b) the identity of the recipient(s) and intended recipient(s) of the

communication; (c) the identity of each person present or otherwise aware of the substance of the communication; (d) the date and the place where it was made; (e) the identity of any document or writing that embodies, includes, reflects, concerns, relates, refers to, or is based upon oral communication; and (f) a detailed description of the substance of the communication.

e.      When used in connection with a transaction, you are required to state in the answer in each instance: (a) a description of the property or thing that is the subject of the transaction; (b) the identity of the parties to the transaction; (c) the date of the transaction; (d) the place or site where the transaction took place; (e) the location of the property or thing that was the subject to the transaction at the time the transaction took place; (f) the identity of all persons who have knowledge of the transaction; and (g) identify all documents that refer or relate to the transaction.

f.      When used in connection with products or merchandise, you are required to state in the answer in each instance: (a) the full name of the product; (b) the use or purpose of the product; (c) the manufacturer of the product; (c) all persons who have personal knowledge of the sale or use of the product;  (d) the volume of the product sold; (e) the gross receipts received from the sale of the product for each year that the product was sold; and (f) the identity of any documents that relate to the ownership of the product or the right to proceeds from the sale or use of the product.

7.      The "Defendant" shall mean defendant NNN Aventura Harbour Centre 1, LLC, and its agents, employees, servants, attorneys, accountants, partners, associates, representatives, and any person or entity acting or who has acted on its behalf.

8.      The "Debtor" shall mean NNN Aventura Harbour Centre, LLC.

9.      The "Complaint" shall mean the *Plaintiff's Complaint to Compel Sale of Property Pursuant to § 363(b)(h)* (ECF No. 1) in Adversary Proceeding, Case No. 13-32195-RBR.

10.     "Property" shall mean that certain 11-story Class A office building (approximately 213,878 square feet) with an adjacent 1-story structure, located at or near 18851 NE 29th Avenue, Aventura, Florida.

11.     "Other Defendants" shall mean NNN Aventura Harbour Centre 2, LLC, NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, LLC, NNN Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN Aventura Harbour Centre 9, LLC, NNN Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN Aventura Harbour Centre 14, LLC, NNN Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 16, LLC, NNN Aventura Harbour Centre 17, LLC, NNN Aventura Harbour Centre 18, LLC, NNN Aventura Harbour Centre 19, LLC, NNN Aventura Harbour Centre 20, LLC, NNN Aventura Harbour Centre 21, LLC, NNN Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN Aventura Harbour Centre 26, LLC, NNN

Aventura Harbour Centre 27, LLC, NNN Aventura Harbour Centre 28,, LLC, NNN

Aventura Harbour Centre 31, LLC, NNN Aventura Harbour Centre 32, LLC, NNN

Aventura Harbour Centre 33, LLC, NNN Aventura Harbour Centre 34, LLC.

12.    "Objecting TICs" shall mean NNN Aventura Harbour Centre 1, LLC,

NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, NNN

Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN

Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN

Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN

Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN

Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 17, LLC, NNN

Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN

Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN

Aventura Harbour Centre 26, LLC, NNN Aventura Harbour Centre 27, LLC, NNN

Aventura Harbour Centre 28, LLC, NNN Aventura Harbour Centre 31, LLC, NNN

Aventura Harbour Centre 32, LLC and NNN Aventura Harbour Centre 33, LLC.

13.    "Petition Date" shall mean September 17, 2013.

14.    "Lender" shall mean C-III Asset Management LLC, a Delaware LLC, as

Special Servicer for Wells Fargo Bank, N.A., as Trustee for Morgan Stanley Capital 1

Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12.

15.    "Motion to Dismiss" shall mean *Defendants' Request for Judicial Notice

and Motion to Dismiss* (ECF No. 52) in Adversary Proceeding, Case No. 13-32195-RBR.

16.    All other terms used in these Interrogatories have the meaning given by

the Bankruptcy Code or by common usage unless otherwise required by the context.

F.     To the extent you object to or claim a privilege with respect to any Interrogatory, in whole or in part, set forth all reasons and the underlying factual basis for your objection or claim of privilege in sufficient detail to permit the Court to determine the validity of your objection or claim of privilege.

G.     Each Interrogatory shall be construed to impose upon the party answering it the continuing obligation to supplement the answer thereto with information later learned by such party which is necessary to make the answer complete or correct.

H.     The answers to the Interrogatories shall be signed by the person making them, and the objections signed by the attorney making them.

## **INTERROGATORIES**

<u>Interrogatory No. 1:</u>     What is the cash basis of Your interest in the Property?

<u>Interrogatory No. 2:</u>     What is the tax basis of Your interest in the Property?