UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          Case No.: 13-32195-RBR

NNN Aventura Harbour                             Chapter 11
Centre, LLC,

      Debtor,

_____/

NNN Aventura Harbour                             Adv. Case No. 13-01830-RBR
Centre, LLC,

      Plaintiff,

v.

NNN Aventura Harbour Centre 1, LLC, *et al.*,

      Defendants.

_____/

**THE TIC MAJORITY'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S *EX PARTE* MOTION TO SHORTEN
DEFENDANTS' DEADLINES TO RESPOND TO DISCOVERY [ECF NO. 67]**

NNN Aventura Harbour Centre 1,  LLC, NNN Aventura Harbour Centre 3, LLC, NNN

Aventura Harbour Centre 4, NNN Aventura Harbour Centre 5, LLC, NNN Aventura Harbour

Centre 6, LLC, NNN Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC,

NNN Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN

Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN Aventura

Harbour Centre, 14 LLC, NNN Aventura Harbour Centre 15, LLC, NNN Aventura Harbour

Centre 17, LLC, NNN Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23,

LLC, NNN Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN

Aventura Harbour Centre 26, LLC, NNN Aventura Harbour Centre 27, LLC, NNN Aventura Harbour Centre 28, LLC, NNN Aventura Harbour Centre 31, LLC, NNN Aventura Harbour Centre 32, LLC and NNN Aventura Harbour Centre 33, LLC (the **"*TIC Majority*"** or **"*Defendants*"**),[1] by and through undersigned counsel hereby responds in opposition to Plaintiff's *Ex Parte Motion to Shorten Defendants' Deadlines to Respond to Discovery* (the "***Motion***") [ECF No. 67] and states in support hereof:

## PRELIMINARY STATEMENT

On January 16, 2014, after the close of business, and again on January 17, 2014 after the close of business, Plaintiff propounded significant discovery on all the members of the TIC Majority separately.  The TIC Majority would need time to form an appropriate response and collect the documents sought under the best of circumstances.  The discovery includes requests for admissions, requests for production and interrogatories.  Attached hereto as "**Exhibit A**" and "**Exhibit B**" is the discovery propounded on TIC 1, just one of the TIC Majority members.  The TIC 1 discovery is largely identical to and representative of the discovery propounded on all other members of the TIC Majority.

By its Motion, Plaintiff seeks to reduce the time available for each of the TIC Majority members to respond to Plaintiff's discovery from 30 days from service to *just 8 days* from service – based on the unworkable litigation schedule that Plaintiff seeks to force the TIC Majority to abide.  Plaintiff complains about the date upon which the TIC Majority responded to the Complaint (January 10, 2014); however, it seems to forget that it *agreed to this response deadline*.  Plaintiff also complains that the Motion to Dismiss the adversary case was filed only

---

[1] The TIC Majority represents **63.60412%** of the membership interests in the Property described herein.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

days before the originally scheduled January 14, 2014 pretrial conference.  However, the TIC

Majority sought to have the pretrial conference and all related deadlines continued for 60 days,

but Plaintiff objected.  Thus, to complain about the scheduling issues Plaintiff caused by its

objection to the TIC Majority's reasonable attempt to set a reasonable litigation schedule is

disingenuous at best.  Moreover, the amount of discovery sought is tantamount to an admission

by Plaintiff of just how little the Court has before it by way of an evidentiary record, and that

such evidence is needed prior to any hearing on the dispositive matters before the Court.  The

amount of discovery sought on short notice is particularly hypocritical when one considers that

Plaintiff failed to meet its own obligations pursuant to Fed. R. Civ. P. 26(a)(1) *See* ECF No. 7.

By now it should be crystal clear to the Court that the only "scorched earth"[2] tactics being

employed in this case are coming from Plaintiff.  With respect to the discovery sought, the TIC

Majority seeks nothing more than that to which it is statutorily entitled – a sufficient time to

review and respond appropriately.  Conversely, the TIC Majority, when it propounds its

discovery fully understands Plaintiff's entitlement to its statutorily allowed time to respond.

The solution to the scheduling problems that plague this case is to – at the very least –

schedule dispositive hearings after reasonable discovery has been propounded, reviewed and

responded to.  The solution is not stripping the TIC Majority of its statutory rights just because

doing so serves the blitzkrieg litigation strategy of Plaintiff to strip the TIC Majority of their

ownership interests in the Property.  Allowing a reasonable time for discovery to be completed

---

[2]  Plaintiff has unfortunately decided to resort to the playground antic of name-calling by referring to the TICs trying to defend themselves from the unauthorized and improper hostile takeover scheme of the Plaintiff as the "Scorched Earth TICs."  The Court can make its own judgments about the propriety of such behavior.  *See* Motion at ¶4.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383827.DOCX.}

will also assist the Court, because the Court will gain a better understanding of the facts than it otherwise will if it handicaps the parties from responding fully and appropriately to discovery.

Accordingly, the TIC Majority respectfully requests that the Court deny the Motion and enter a scheduling order that provides a realistic litigation schedule for addressing the TIC Majority's Motions to Dismiss as well as Plaintiff's Motion for Summary Judgment.

## **BACKGROUND**

1.    On September 17, 2013 (the "***Petition Date***"), without consultation or communication with any Majority or Other TIC, the Debtor put itself into bankruptcy by filing a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").  In other words, the Debtor placed its only asset, a mere 6% interest in the Property into bankruptcy.

2.    None of the other TICs are in bankruptcy.  Put differently, 94% of the interests in the Property are not in bankruptcy.

3.    On November 18, 2013, the Debtor commenced the above-styled adversary (the "***Adversary Proceeding***") against the TIC Majority and Other TICs and Lender by filing a complaint [ECF No. 1] (the "***Complaint***").

4.    The Adversary Proceeding seeks a compelled conversion of ownership interests in the Property under Section 363(h) of the Bankruptcy Code (the "***Forced Conversion***").

5.    On December 31, 2013 the Clerk entered Clerk's Entry of Default against:

     a.  NNN Aventura Harbour Centre 2, LLC [ECF No. 15];

     b.  NNN Aventura Harbour Centre 9, LLC [ECF No. 16];

     c.  NNN Aventura Harbour Centre 14, LLC [ECF No. 17];

     d.  NNN Aventura Harbour Centre 16, LLC [ECF No. 18];

4

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383827.DOCX.}

  e. NNN Aventura Harbour Centre 18, LLC [ECF No. 19];

  f. NNN Aventura Harbour Centre 19, LLC [ECF No. 20];

  g. NNN Aventura Harbour Centre 20, LLC [ECF No. 21]; and

  h. NNN Aventura Harbour Centre 21, LLC [ECF No. 22].

 6. On January 3, 2014, Plaintiff filed its Motion for Summary Judgment [ECF No. 42] against all defendants.

 7. On January 10, 2014, the TIC Majority filed its *Request for Judicial Notice and Motion to Dismiss Plaintiff's Complaint to Compel Sale of Property Pursuant to § 363(b) and (h)* (the "***Motion to Dismiss***") [ECF No. 51, 52]

 8. On January 14, 2014, the TIC Majority filed its *Motion for an Order Dismissing the Chapter 11 Case of NNN Aventura Harbour Centre, LLC* (the "*Motion to Dismiss Bankruptcy Case*") in the main bankruptcy case ("***B.C.***") [B.C. ECF No. 113].

 9. On January 14, 2014, the Court held a hearing on the *TIC Majority's Ex Parte Motion to Continue Pretrial Conference and all Related Deadlines* [ECF No. 46], pursuant to which the Court continued the Pretrial Conference to February 4, 2014.

 10. On January 16, 2014, Plaintiff propounded its first set of discovery on the TIC majority and filed the Motion [ECF No. 67] that is the subject of this Response.

 11. On January 17, 2014, Plaintiff propounded its second set of discovery on the TIC Majority.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383827.DOCX.}

## LEGAL ARGUMENT

### I.    Plaintiff Does Not Show Good Cause for Shortening Discovery Deadlines

12.    Rule 7034(b)(2)(A) of the Federal Rules of Bankruptcy Procedure provides:

The party to whom the request [for production] is directed must respond within 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the Court.

Fed. R. Bankr. P. 7034(b)(2)(A).

13.    The same principle applies with respect to interrogatories and requests for admission.  *See* Bankruptcy Rules 33(b)(2) and 36(a)(3).

14.    The decision to shorten or extend a discovery response deadline is soundly within the Court's discretion.  The Court has "broad discretion in managing pretrial discovery matters." *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir.2005) (quoting *Perez v. Miami–Dade Co*., 297 F.3d 1255, 1263 (11th Cir.2002)).

15.    Courts employ a good cause standard to determine whether expedited discovery should be permitted. *Nassau Terminals, Inc. v. M/V Bering Sea*, No. 99–104–CIV–J–20C, 1999 WL 1293476, at *1 (M.D.Fla. July 1, 1999) (stating that moving party has the burden of showing good cause why discovery should be expedited); *Dell, Inc. v. BelgiumDomains, LLC*, No. Civ. 07–22674, 2007 WL 6862341, at * 6 (S.D. Fla. Nov.21, 2007); *Semitool, Inc. v. Tokyo Electron America, Inc*., 208 F.R.D. 273, 274 (N.D.Cal.2002).

16.    Factors courts consider in deciding whether a party has shown good cause to expedite discovery include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383827.DOCX.}

the typical discovery process the request is made. *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C.2006).

17.     Here, Plaintiff's Motion fails on its face to show good cause for the following reasons:  First, there is no preliminary injunction pending.  Second, the discovery propounded on the multiple TIC Majority members is substantial, and in some cases oppressive and burdensome.  *See* TIC 1 discovery, attached hereto as "**Exhibit A and B**."

18.     Third, the basis for requesting the expedited discovery relates to the hyper-aggressive litigation schedule that Plaintiff seeks to force the TIC Majority to abide so that it can gain a litigation advantage.  Plaintiff complains about the date upon which the TIC Majority responded to the Complaint (January 10, 2014), but that response deadline was *agreed to by Plaintiff*; thus, Plaintiff cannot now claim prejudice just because that date was mere days before the originally scheduled January 14, 2014 pretrial conference.  In any event, the TIC Majority sought to have that conference and related deadlines continued for 60 days, but Plaintiff objected.

19.     Fourth, with respect to the burden upon each member of the TIC Majority (largely retirees and elderly individuals) to respond to the expansive discovery propounded upon them within just 8 days from service, is manifest.  The TIC Majority members need time to review the various requests for documents and admissions, as well as respond to the interrogatories, consult with counsel regarding the same as necessary, and ultimately respond to Plaintiff's discovery requests.  It will take time for counsel just to make contact with each of the TIC Majority members (some may be travelling or hard to reach), much less assist them in what is likely the first litigation experience many have faced.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383827.DOCX.}

20.     Considering the draconian relief sought by Plaintiff in this adversary case and the main bankruptcy case, providing a reasonable amount of time for the TIC Majority members to respond to Plaintiff's expansive discovery requests is the least the TIC Majority members are due.  Especially since the both the adversary case and the main bankruptcy case are subject to motions to dismiss.

21.     Finally, with respect to how far in advance the request has been made, it is clear that Plaintiff's did not propound their discovery in sufficient time to comply with the very litigation schedule to which they unreasonably cling.  This is a self-induced crisis on the part of the Plaintiff, and the TIC Majority should not suffer for it.  Conversely, with respect to discovery to be propounded upon Plaintiff and certain third parties, the TIC Majority has no intention of attempting to deprive respondents of their statutory rights as Plaintiff has attempted to do to the TIC Majority with the Motion.

## **CONCLUSION**

22.     Based on the foregoing, Plaintiff's Motion is not well-founded and should be denied.

[Remainder of page left blank.  Next page is signature page.]

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383827.DOCX.}

WHEREFORE the TIC Majority respectfully requests the Court to enter an Order

denying the Motion and granting such other and further relief as the Court deems just and proper.

Dated: January 21, 2014
        Miami, Florida

  s/ James C. Moon
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandrussin.com
Peter D. Russin, Esquire
Florida Bar No. 765902
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for the TIC Majority Defendants*

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383827.DOCX.}

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that, on January 21, 2014, a true and correct copy of the

foregoing was served via the Court's Notice of Electronic Filing upon the parties listed below.

<u>s/ James C. Moon</u>
James C. Moon, Esquire

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383827.DOCX.}

## Service List

## Mailing Information for Case 13-01830-RBR

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Denise D Dell-Powell    ddpowell@burr.com, ahutchinson@burr.com;greid@burr.com
- Brett D Lieberman    blieberman@messana-law.com, thurley@messana-law.com;emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net
- Thomas M. Messana    tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com
- James C. Moon    jmoon@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Michael A. Nardella    michael.nardella@burr.com, jlindval@burr.com,greid@burr.com
- Bradley S Shraiberg    bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;vchapkin@sfl-pa.com;lrosetto@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

{Firm Clients/5495/5495-2/01383827.DOCX.}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 13-32195-RBR

NNN Aventura Harbour Centre, LLC,                          Chapter 11

     Debtor.

_____/

NNN Aventura Harbour                                       Adv. Pro. No. 13-01830-RBR
Centre, LLC,

     Plaintiff,
v.

NNN Aventura Harbour Centre 1, LLC, et al.,

     Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## FROM NNN AVENTURA HARBOUR CENTRE 1, LLC

Pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure and Rule 36 of the

Federal Rules of Civil Procedure, Plaintiff/Debtor, NNN Aventura Harbour Centre, LLC

("Debtor"), hereby submits these Requests for Admissions to Defendant, NNN Aventura

Harbour Centre 1, LLC ("TIC").  These Requests for Admissions shall be answered and shall be

served in the time and manner provided by applicable rules, or order of the court, upon the

undersigned counsel at the law offices of Messana, P.A., Attn. Thomas M. Messana, 401 E. Las

Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301.

**I HEREBY CERTIFY** *that this First Request for Admissions from NNN Aventura*

*Harbour Centre 1, LLC* was served on January 16, 2013 by transmission of Notice of Electronic

Filing generated by CM/ECF to those parties registered to receive CM/ECF notices, including

EXHIBIT A

Peter D. Russin, Meland Russin & Budwick, P.A., counsel for certain Defendants,  Denise D.

Dell-Powell, Burr & Forman, LLP, counsel for Defendant, C-III Asset Management LLC, a

Delaware limited liability company, as Special Servicer for Wells Fargo Bank, N.A., as Trustee

for Morgan Stanley Capital I Inc., Commercial Mortgage Pass-through Certificates, Series 2006-

IQ12.


MESSANA, P.A.
*Counsel for the Debtor*
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida  33301
Telephone:  (954) 712-7400
Facsimile:   (954) 712-7401
tmessana@messana-law.com


By:  ___/s/ Thomas M. Messana_____
        Thomas M. Messana
        Florida Bar No. 991422

## INSTRUCTIONS AND DEFINITIONS

Plaintiff incorporates by reference the definitions and instructions contained in its First Set of Interrogatories addressed to the TIC as if set forth at length herein.

## REQUEST FOR ADMISSIONS

1.      Admit that partition in kind of the Property among the estate and the Other Defendants is impracticable.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

2.      Admit that the Debtor's undivided interest in the Property has little salable value.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

3.      Admit that since January 2012, You have not relied on the rent paid by the tenants of the Property to pay part of Your retirement living expenses.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

4.      Admit that Your undivided interest in the Property has little salable value.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

5.      Admit that you have had not made any management decisions regarding the Property since January 2012.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 13-32195-RBR

NNN Aventura Harbour Centre, LLC,                        Chapter 11

      Debtor.

_____/

NNN Aventura Harbour                            Adv. Pro. No. 13-01830-RBR
Centre, LLC,

      Plaintiff,

v.

NNN Aventura Harbour Centre 1, LLC, et al.,

      Defendants.

_____/

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS FROM
DEFENDANT NNN AVENTURA HARBOUR CENTRE 1, LLC**

Plaintiff, NNN Aventura Harbour Centre, LLC (the "Plaintiff" or the "Debtor"), by its

undersigned attorneys and pursuant to Rule 34 of the Federal Rules of Civil Procedure, made

applicable to bankruptcy proceedings by Rule 7034 of the Federal Rules of Bankruptcy

Procedure, hereby requests that the Defendant, NNN Aventura Harbour Centre 1, LLC

("Defendant"), produce the following documents for inspection and copying at the law offices of

Messana, P.A., 401 East Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301 within

30 days from the date of service.

*DEFINITIONS*

A.    "Document" means any written or graphic matter or other means of preserving
thought or expression, and all tangible things from which information can be
processed or transcribed, including the originals and all non-identical copies,

whether different from the original by reasons of any notation made on such copy or otherwise, including, but not limited to, correspondence, email, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins or other communications, memoranda or notes of intraoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, deposit slips, bank statements, wire transfer receipts and confirmations, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes, and amendments of any of the foregoing), graphics or oral records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, and electronic, mechanical, electric, or chemical recordings or representations of any kind (including without limitation, tapes, cassettes, disks, recordings), as well as any medium of expressions, fixed and in tangible form.   Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smartphones, tablets, SMS or MMS text messages, cellular telephone based text communications, Blackberry/Research in Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service (e.g., Google Chat, ICQ Chat, AOL Instant Messenger, MSN Messenger, etc.), proprietary software and inactive or unused computer disc storage areas.   All electronically stored information produced shall be produced in its native format, and all requests expressly include requests for all metadata associated with the files to be produced.  All electronically stored information shall include, without limitation, writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations which are stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.   Copies of Documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available shall be considered to be separate documents.

B.      "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation or agreement and, also, means any transfer of thoughts or ideas between persons (as defined herein) by means of documents and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media (e.g., Facebook, MySpace, Twitter, etc.).

2

C.   "Any and all Documents" means every Document or group of Documents or Communications as above defined known to you, and every such Document or Communication which can be located or discovered by reasonably diligent effort. "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

D.   The "Defendant" shall mean defendant NNN Aventura Harbour Centre 1, LLC, and its agents, employees, servants, attorneys, accountants, partners, associates, representatives, and any person or entity acting or who has acted on its behalf.

E.   "You," "your" and "yourself" means and refers to each person and entity to whom these requests are directed and any employee, agent, attorney, any other person acting for, or on behalf of, or under the authority or control of such person or entity, or others who are in possession of or who may have obtained information for or on behalf of such person or entity.  It also means and refers to any legal entity as to which such person or entity has served, or does serve, as an officer, director, member, manager, partner, direct owner, or indirect owner.  NNN Aventura Harbour Centre 1, LLC is included in this definition.

F.   As used herein, the singular and masculine form of nouns and pronouns shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate and shall not be interpreted so as to exclude any information or documents otherwise within the scope of this request.

G.   The conjunctions "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of this request any documents which might otherwise be construed to be outside of its scope.

H.   The terms "support," "evidence," "evidencing," "relate to," including its various forms such as "relating to," and "related to," "referred to," "concerning," "pertaining to," "involving" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

I.   "Breakwater" shall mean Breakwater Equity Partners.

J.   "Including" is used in the sense of specification and is not to be construed as a word of limitation.

K.   "Possession, custody, or control" shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

3

L. "Person" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise, and includes both the singular and plural.

M. The "Complaint" shall mean the *Plaintiff's Complaint to Compel Sale of Property Pursuant to § 363(b)(h)* (ECF No. 1) in Adversary Proceeding, Case No. 13-32195-RBR.

N. "Property" shall mean that certain 11-story Class A office building (approximately 213,878 square feet) with an adjacent 1-story structure, located at or near 18851 NE 29th Avenue, Aventura, Florida.

O. "Petition Date" shall mean September 17, 2013.

P. The "Debtor" shall mean NNN Aventura Harbour Centre, LLC.

Q. "Other Defendants" means NNN Aventura Harbour Centre 2, LLC, NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, LLC, NNN Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN Aventura Harbour Centre 9, LLC, NNN Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN Aventura Harbour Centre 14, LLC, NNN Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 16, LLC, NNN Aventura Harbour Centre 17, LLC, NNN Aventura Harbour Centre 18, LLC, NNN Aventura Harbour Centre 19, LLC, NNN Aventura Harbour Centre 20, LLC, NNN Aventura Harbour Centre 21, LLC, NNN Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN Aventura Harbour Centre 26, LLC, NNN Aventura Harbour Centre 27, LLC, NNN Aventura Harbour Centre 28,, LLC, NNN Aventura Harbour Centre 31, LLC, NNN Aventura Harbour Centre 32, LLC, NNN Aventura Harbour Centre 33, LLC, NNN Aventura Harbour Centre 34, LLC.

R. "Objecting TICs" shall mean NNN Aventura Harbour Centre 1, LLC, NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, NNN Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 17, LLC, NNN Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN Aventura Harbour Centre 24, LLC, NNN Aventura

4

Harbour Centre 25, LLC, NNN Aventura Harbour Centre 26, LLC, NNN Aventura Harbour Centre 27, LLC, NNN Aventura Harbour Centre 28, LLC, NNN Aventura Harbour Centre 31, LLC, NNN Aventura Harbour Centre 32, LLC and NNN Aventura Harbour Centre 33, LLC.

S.    "Lender" shall mean C-III Asset Management LLC, a Delaware LLC, as Special Servicer for Wells Fargo Bank, N.A., as Trustee for Morgan Stanley Capital 1 Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12.

T.    "Motion to Dismiss" shall mean *Defendants' Request for Judicial Notice and Motion to Dismiss* (ECF No. 52) in Adversary Proceeding, Case No. 13-32195-RBR.

U.    All other terms used in these Interrogatories have the meaning given by the Bankruptcy Code or by common usage unless otherwise required by the context.

## *INSTRUCTIONS*

The following instructions shall apply to this document request:

1.    This document request is continuing in nature.  When new knowledge or information comes to your attention, you shall supplement the information supplied in the answers to the document request forthwith.

2.    To the extent documents responsive to the requests herein include privileged information, please redact the privileged information prior to producing documents and provide a privilege log regarding same.

3.    For each and every request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person (as defined above).  The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereto.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copy each and every copy and draft which differs in any way from the original document or from any copy or draft.

4.    If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in

5

your possession, any such documents shall be identified as completely as possible by providing the following information: (i) the name(s) of the author(s) of the document; (ii) the name(s) of the person(s) to whom the documents or copies were sent; (iii) the date of the document; (iv) the date on which the document was received by each addressee, copyee, or its recipients; (v) a complete description of the nature and subject matter of the document; (vi) the date on which the document was lost, discarded, or destroyed; and (vii) the manner in which the document was lost, discarded, or destroyed.

5.  With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document: (i) the name(s) of the sender(s) of the document; (ii) the name(s) of the author(s) of the document; (iii) the name(s) of the person(s) to whom the document or copies were sent; (iv) the job title of every person named in subparagraphs 1, 2 and 3 above; (v) the date of the document; (vi) the date on which the document was received by each addressee, copyee, or its recipient; (vii) a brief description of the nature and subject matter of the document; and (viii) the statute, rule, or decision which is claimed to give rise to the privilege.

6.  If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person (as defined above) who has possession, custody, or control of the requested document(s).

7.  All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined herein.

8.  Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

### *IDENTIFICATION OF DOCUMENTS*

In an effort to promote an orderly presentation of documentary evidence in this case, to ensure full compliance with this process and to facilitate the return of documents to the owners thereof when they are no longer required, please identify each document produced in response to these requests with identifying initials and consecutively number same ("Bates-stamp").  In addition, please place the documents called for by each item of these requests in a separate

6

enclosure marked with the paragraph number of the request to which it is responsive, or separate each set of documents with exhibit tabs that correspond to the paragraph number of the request to which each set of documents is responsive.

## DOCUMENTS REQUESTED

Request No. 1:        Any and all Documents which Defendant contends are relevant to this case.

Request No. 2:        Any and all Documents reflecting the cash basis of Your interest in the Property.

Request No. 3:        Any and all Documents which reflect any response by You to the Capital Calls referred to in the Complaint.

Request No. 4:        Any and all Communications between You and Breakwater since 2009.

Request No. 5:        Any and all Documents received from Breakwater since September 17, 2013.

Request No. 6:        Any and all Documents You sent to Breakwater since September 17, 2013.

Request No. 7:        Any and all Initial Analysis Summary or other reports provided to You by Breakwater.

Request No. 8:        Any and all Communications between You and the Lender related to the Property from 2010 to the date of this request.

Request No. 9:        Any and all Communications between You and any potential purchaser of the Property from 2010 to the date of this request.

Request No. 10:        Any and all appraisals related to the Property since 2011.

Request No. 11:        Any and all valuations of Your interest in the Property since 2011.

Request No. 12:        Any and all Documents related to the value of the Property since 2011.

Request No. 13:        Any and all Documents which reflect receipt by You of rents or profits derived from the Property since 2011.

Request No. 14:        Any and all Documents which reflect any amounts paid to You in connection with the Property since 2006.

Request No. 15:        Any and all Documents which support Your representation that you have

7

received rents from the Property since 2011.

Request No. 16:        Any and all Documents which support Your representation in Your Motion to Dismiss that You are a retiree "who relied on the rent paid by the tenants of the Property to pay part of [Your] retirement living expenses." Motion to Dismiss at ¶37.

Request No. 17:        Any and all Documents reflecting Your financial condition for the period of January 1, 2011 to present.

Request No. 18:        Any and all Documents reflecting Your sources of income for the period of January 1, 2011 to present.

Request No. 19:        Any and all Documents related to Your tax consequences of a sale of the Property to a third party in which You would not be entitled to participate.

Request No. 20:        Any and all common interests, joint defense or similar agreements you have entered into since September 17, 2013.

Request No. 21:        Any and all Documents which Defendant intends to rely upon in opposition to the Plaintiff's Motion for Summary Judgment (ECF No. 42).

Request No. 22:        Any and all Documents which Defendant intends to rely upon in support of Defendants Motion to Dismiss.

Request No. 23:        Any and all Documents which Defendant intends to rely upon in support of Defendants Motion to Dismiss filed in the Debtor's Bankruptcy Case, Case No. 13-32198-RBR (Main Case, ECF No. 113).

Dated: January 16, 2014

Respectfully submitted,

MESSANA, P.A.
*Attorneys Plaintiff*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 712-7400
Facsimile: (954) 712-7401
E-mail: tmessana@messana-law.com
By: /s/ Thomas M. Messana
    Thomas M. Messana, Esq.
    Florida Bar No. 991422

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 13-32195-RBR

NNN Aventura Harbour Centre, LLC,                          Chapter 11

      Debtor.

_____/

NNN Aventura Harbour                                      Adv. Pro. No. 13-01830-RBR
Centre, LLC,

      Plaintiff,
v.

NNN Aventura Harbour Centre 1, LLC, et al.,

      Defendants.

_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT NNN AVENTURA HARBOUR CENTRE 1, LLC**

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure and Rule

33 of the Federal Rules of Civil Procedure, Plaintiff, NNN Aventura Harbour Centre, LLC (the

"Plaintiff" or the "Debtor")  hereby demands that NNN Aventura Harbour Centre 1, LLC

("Defendant"), separately answer under oath each of the Interrogatories hereinafter set forth and

serve a sworn copy of such answers upon the undersigned counsel at the law offices of Messana,

P.A., Attn. Thomas M. Messana, 401 E. Las Olas Boulevard, Suite 1400, Fort Lauderdale,

Florida 33301 within thirty (30) days after the service of these Interrogatories.  These

Interrogatories are continuing in character and require the Defendant to file supplementary

answers as soon as reasonably possible if it obtains further or different information after the

initial answers, prior to trial.

Dated: January 16, 2014

MESSANA, P.A.
*Attorneys for the Debtor*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 712-7400
Facsimile: (954) 712-7401
E-mail: tmessana@messana-law.com

By: /s/ Thomas M. Messana
      Thomas M. Messana, Esq.
      Florida Bar No. 991422

## INSTRUCTIONS AND DEFINITIONS

A.      These Interrogatories are continuing in character, so as to require the Defendant to file supplemental answers if the Defendant obtains further, contradictory, or different information.  Such supplemental answers, if any, shall be filed from time to time promptly upon the discovery by you of such supplemental information.  Each Interrogatory is to be answered separately and as completely as possible.  The fact that an investigation is continuing and discovery is not complete shall not be used as a reason for failure to answer any such Interrogatory as fully as possible.  The omission of any name, fact, or other item of information from the answer shall be deemed a representation that such name, fact, or item is not known to the Defendant, its counsel, or other representatives or agents of the Defendant.

B.      Answers shall be based upon information known to the Defendant, its agents, attorneys, partners, associates, employees, servants, representatives, investigators, or any other party or entity acting or who has acted by or on behalf of the Defendant.  To the extent that the answer to any Interrogatory is not based upon information known to the Defendant, the Defendant shall specify that fact and the person or entity possessing such information.

C.      If the answer to all or any part of an Interrogatory is not presently known or available, include a statement to that effect, specifying the portion of the Interrogatory that cannot be completely answered.  However, once information is available, the Defendant is required to furnish all information available in response to the entire Interrogatory by supplemental answer as required above.

D.      If the Defendant refuses to answer any Interrogatory or any part thereof on the grounds of privilege, the Defendant must identify the basis for the privilege claimed, the nature of any information that it refuses to disclose, referring specifically to the Interrogatory or any

part thereof to which the Interrogatory applies and by identifying the form in which said information exists, the date of the document or oral communication, and the general subject matter of the document or oral communication.

  E.  As used in these Interrogatories, the following terms shall have the following meanings:

    1.  The terms "you" or "your" or "yourself" shall mean the answering Defendant, and/or any of its agents, attorneys, partners, associates, employees, servants, representatives, investigators, and any person or entity acting or who has acted by or on behalf of the Defendant.

    2.  "Person" shall mean any natural person or any corporation, limited liability company, partnership, association, joint venture, firm, or other business enterprise or legal entity and means both the singular and the plural.

    3.  "Document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reasons of any notation made on such copy or otherwise, including, but not limited to, correspondence, email, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins or other communications, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, memoranda or notes of intraoffice and interoffice telephone calls, diaries, manuals, calendars, desk pads, scrapbooks, notebooks, chronological data, minutes, books, reports, magazines, booklets, brochures, instructions, charts, ledgers, invoices, purchase orders, statements of account, credit and debit memoranda, loan agreements, bills, installment contracts, mortgages, deeds of trust,

security agreements, certificates of title, financing statements, instruments, expense accounts, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, worksheets, affidavits, contracts, agreements, promissory notes, partnership agreements, articles of incorporation, catalogue price lists, canceled checks, deposit slips, bank statements, bank books, receipt and disbursement journals, tax returns, check stubs, credit card receipts, income statements, profit and loss statements, drafts, certificates, tabulations, questionnaires, tables, sketches, tax reports, working papers, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), resumes, address books, appointment books or telephone logs, wire transfer receipts and confirmations, transcripts, statistics, surveys, magazine or newspaper articles, releases, deposition transcripts, pleadings, orders, appraisals, estimates, valuations, opinions, studies, analyses, summaries (and any and all drafts, alterations and modifications, changes, and amendments of any of the foregoing), graphics or oral records or representations of any kind, including without limitation, blueprints, photographs, negatives, charts, graphs, maps, microfiche, microfilm, videotape, recordings, motion pictures, speeches, and electronic, mechanical, electric, or chemical recordings or representations of any kind (including without limitation, tapes, cassettes, disks, recordings), as well as any medium of expressions, fixed and in tangible form.  Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smartphones, tablets, SMS or MMS text messages, cellular telephone based text communications, Blackberry/Research in

Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service (e.g., Google Chat, ICQ Chat, AOL Instant Messenger, MSN Messenger, etc.), proprietary software and inactive or unused computer disc storage areas.

4.      "Breakwater" shall mean Breakwater Equity Partners.

5.      "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, contact, or agreement, formal or informal at any time or place or under any circumstances whatsoever, and, also, means any transfer of thoughts or ideas between persons (as defined herein) by means of documents and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media (e.g., Facebook, MySpace, Twitter, etc.). Where you are requested to identify or list any communications, your identification or list of such communications shall require you separately as to each communication, to identify the mode of such communication, to identify the persons who participated in such communication, to identify the persons who overheard or had access to such communication, and to state the date of such communication, the time and/or place of such communication, and the subject matter of such communication.

6.      "Identify" or "state the identity of" shall have the following meaning when used in the following contexts:

a.      When used in connection with a natural person, you are required to state his or her: (a) full name; (b) present or last known home address (including street name and number, city, and state); (c) present or last known business

6

address; (d) present position, business affiliation, and job description and, if unknown, so state and set forth the corresponding last known such information; and (e) position, business affiliation, and job description at the time in question, with respect to the Interrogatory or other request involved.

b.      When used in connection with a corporation, limited liability company, partnership, association, joint venture, firm, or other business enterprise or legal entity, you are required to state in the answer in each instance: (a) the full name and address; (b) a brief description of the primary business in which such entity is engaged; and (c) the identity of all persons who acted or were authorized to act on its behalf in connection with the matter referred to.

c.      When used in connection with a document or writing, you are required to state in the answer in each instance: (a) whether or not such document is known to be in existence at the time of the answer; (b) the date of the document; (c) type of document (e.g., letter, memorandum, computer printout, estimate, etc.); (d) identity of the author(s), addressee(s), and any other person to whom the document was shown or distributed; (e) any filing or identifying number; and (f) the present or last  known location and/or custodian thereof.  If any such document was, but is no longer in the possession of or subject to control of Defendant or any affiliated business entity, state what and when disposition was made of it.

d.      When used in connection with an oral communication, you are required to state in the answer in each instance: (a) the identity of each person communicating; (b) the identity of the recipient(s) and intended recipient(s) of the

7

communication; (c) the identity of each person present or otherwise aware of the substance of the communication; (d) the date and the place where it was made; (e) the identity of any document or writing that embodies, includes, reflects, concerns, relates, refers to, or is based upon oral communication; and (f) a detailed description of the substance of the communication.

e.      When used in connection with a transaction, you are required to state in the answer in each instance: (a) a description of the property or thing that is the subject of the transaction; (b) the identity of the parties to the transaction; (c) the date of the transaction; (d) the place or site where the transaction took place; (e) the location of the property or thing that was the subject to the transaction at the time the transaction took place; (f) the identity of all persons who have knowledge of the transaction; and (g) identify all documents that refer or relate to the transaction.

f.      When used in connection with products or merchandise, you are required to state in the answer in each instance: (a) the full name of the product; (b) the use or purpose of the product; (c) the manufacturer of the product; (c) all persons who have personal knowledge of the sale or use of the product;  (d) the volume of the product sold; (e) the gross receipts received from the sale of the product for each year that the product was sold; and (f) the identity of any documents that relate to the ownership of the product or the right to proceeds from the sale or use of the product.

7.      The "Defendant" shall mean defendant NNN Aventura Harbour Centre 1, LLC, and its agents, employees, servants, attorneys, accountants, partners, associates, representatives, and any person or entity acting or who has acted on its behalf.

8.      The "Debtor" shall mean NNN Aventura Harbour Centre, LLC.

9.       The "Complaint" shall mean the *Plaintiff's Complaint to Compel Sale of Property Pursuant to § 363(b)(h)* (ECF No. 1) in Adversary Proceeding, Case No. 13-32195-RBR.

10.     "Property" shall mean that certain 11-story Class A office building (approximately 213,878 square feet) with an adjacent 1-story structure, located at or near 18851 NE 29th Avenue, Aventura, Florida.

11.      "Other Defendants" shall mean NNN Aventura Harbour Centre 2, LLC, NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, LLC, NNN Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN Aventura Harbour Centre 9, LLC, NNN Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN Aventura Harbour Centre 14, LLC, NNN Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 16, LLC, NNN Aventura Harbour Centre 17, LLC, NNN Aventura Harbour Centre 18, LLC, NNN Aventura Harbour Centre 19, LLC, NNN Aventura Harbour Centre 20, LLC, NNN Aventura Harbour Centre 21, LLC, NNN Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN Aventura Harbour Centre 26, LLC, NNN

Aventura Harbour Centre 27, LLC, NNN Aventura Harbour Centre 28,, LLC, NNN Aventura Harbour Centre 31, LLC, NNN Aventura Harbour Centre 32, LLC, NNN Aventura Harbour Centre 33, LLC, NNN Aventura Harbour Centre 34, LLC.

12.    "Objecting TICs" shall mean NNN Aventura Harbour Centre 1, LLC, NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, NNN Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 17, LLC, NNN Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN Aventura Harbour Centre 26, LLC, NNN Aventura Harbour Centre 27, LLC, NNN Aventura Harbour Centre 28, LLC, NNN Aventura Harbour Centre 31, LLC, NNN Aventura Harbour Centre 32, LLC and NNN Aventura Harbour Centre 33, LLC.

13.    "Petition Date" shall mean September 17, 2013.

14.    "Lender" shall mean C-III Asset Management LLC, a Delaware LLC, as Special Servicer for Wells Fargo Bank, N.A., as Trustee for Morgan Stanley Capital 1 Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12.

15.    "Motion to Dismiss" shall mean *Defendants' Request for Judicial Notice and Motion to Dismiss* (ECF No. 52) in Adversary Proceeding, Case No. 13-32195-RBR.

16.    All other terms used in these Interrogatories have the meaning given by the Bankruptcy Code or by common usage unless otherwise required by the context.

F.      To the extent you object to or claim a privilege with respect to any Interrogatory, in whole or in part, set forth all reasons and the underlying factual basis for your objection or claim of privilege in sufficient detail to permit the Court to determine the validity of your objection or claim of privilege.

G.      Each Interrogatory shall be construed to impose upon the party answering it the continuing obligation to supplement the answer thereto with information later learned by such party which is necessary to make the answer complete or correct.

H.      The answers to the Interrogatories shall be signed by the person making them, and the objections signed by the attorney making them.

## <u>INTERROGATORIES</u>

<u>Interrogatory No. 1</u>:    Identify each person who helped prepare or supply information for your answers to these Interrogatories.

<u>Interrogatory No. 2</u>:    Identify all persons with personal knowledge of any facts stated in (i) the Complaint, (ii) any responsive paper or pleading, or (iii) your answers to these Interrogatories. With respect to each person identified in your answer to this Interrogatory, state each fact as to which such person has personal knowledge.

<u>Interrogatory No. 3</u>:    Identify all facts which support Your representation in Your Motion to Dismiss that You are a retiree "who relied on the rent paid by the tenants of the Property to pay part of [Your] retirement living expenses." Motion to Dismiss at ¶37.

<u>Interrogatory No. 4</u>:    Identify all facts related to Your tax consequences of a sale of the Property to an independent third party.

<u>Interrogatory No. 5</u>:    Describe all actions You have taken related to the valuation of the Property.

11

Interrogatory No. 6:    Describe all actions You have taken to related to selling the Property.

Interrogatory No. 7:    Describe Your relationship with Breakwater.

Interrogatory No. 8:    Identify each and every communication between You and Breakwater since 2011.

Interrogatory No. 9:    Identify each and every communication between You and the Lender since 2011.

Interrogatory No. 10:    Describe what actions You took in response to the capital calls referenced in the Complaint.

Interrogatory No. 11:    Identify each and every receipt by You of rents or profits derived from the Property since 2011.

Interrogatory No. 12:    Identify each and every amount paid by You in connection with the Property since 2006.

Interrogatory No. 13:    Describe any and all facts which support Your representation that you have received rents from the Property since 2011.

Interrogatory No. 14:    Identify any and all Communications between You and any potential purchaser of the Property from 2010 to the date of this Interrogatory.

Interrogatory No. 15:    Identify Your sources of income for the period of January 1, 2011 to present.

Interrogatory No. 16:    Describe any meeting between You and the Debtor since 2011.

Interrogatory No. 17:    Explain why you decided to join the Objecting TICs.

Interrogatory No. 18:    Identify all persons who asked you to participate in the Objecting TICs.

12

Interrogatory No. 19:  What do you believe is the current value of Your interest in the Property?

Interrogatory No. 20:  What do you believe your detriment will be if the Property is sold to a new company and you are allowed to participate in the ownership structure in a way that would allow you to exercise a 26 U.S.C. §721 election?

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                      Case No. 13-32195-RBR

NNN Aventura Harbour Centre, LLC,                           Chapter 11

      Debtor.

_____/

NNN Aventura Harbour                                        Adv. Pro. No. 13-01830-RBR
Centre, LLC,

      Plaintiff,

v.

NNN Aventura Harbour Centre 1, LLC, et al.,

      Defendants.

_____/

**PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS
FROM NNN AVENTURA HARBOUR CENTRE 1, LLC**

Pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure and Rule 36 of the Federal Rules of Civil Procedure, Plaintiff/Debtor, NNN Aventura Harbour Centre, LLC ("Debtor"), hereby submits these Requests for Admissions to Defendant, NNN Aventura Harbour Centre 1, LLC ("TIC").  These Requests for Admissions shall be answered and shall be served in the time and manner provided by applicable rules, or order of the court, upon the undersigned counsel at the law offices of Messana, P.A., Attn. Thomas M. Messana, 401 E. Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301.

**I HEREBY CERTIFY** *that this Second Request for Admissions from NNN Aventura Harbour Centre 1, LLC* was served on January 17, 2013 by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive CM/ECF notices, including

EXHIBIT B

Peter D. Russin, Meland Russin & Budwick, P.A., counsel for certain Defendants,  Denise D.

Dell-Powell, Burr & Forman, LLP, counsel for Defendant, C-III Asset Management LLC, a

Delaware limited liability company, as Special Servicer for Wells Fargo Bank, N.A., as Trustee

for Morgan Stanley Capital I Inc., Commercial Mortgage Pass-through Certificates, Series 2006-

IQ12.

MESSANA, P.A.
*Counsel for the Debtor*
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida  33301
Telephone:  (954) 712-7400
Facsimile:   (954) 712-7401
tmessana@messana-law.com


By:   __/s/ Thomas M. Messana____
      Thomas M. Messana
      Florida Bar No. 991422

## INSTRUCTIONS AND DEFINITIONS

Plaintiff incorporates by reference the definitions and instructions contained in its Second Set of Interrogatories addressed to the TIC as if set forth at length herein.

## REQUEST FOR ADMISSIONS

1.    Admit that TIC conducts no other business than that related to the Property.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

2.    Admit that TIC does not have any other assets than the Property.

_____ Admitted

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

3.    Admit that TIC has no liabilities other than those related to the Property.

_____ Admitted

3

_____ Denied

If your answer to this request for admission is other than "admitted," please provide a full and complete explanation of your basis for not admitting the request, in whole or in part, including all facts relied on, produce all documents relevant to your response, and identify all steps taken to determine your response to this request.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 13-32195-RBR

NNN Aventura Harbour Centre, LLC,                         Chapter 11

      Debtor.

_____/

NNN Aventura Harbour                                      Adv. Pro. No. 13-01830-RBR
Centre, LLC,

      Plaintiff,

v.

NNN Aventura Harbour Centre 1, LLC, et al.,

      Defendants.

_____/

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO
DEFENDANT NNN AVENTURA HARBOUR CENTRE 1, LLC**

      Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure and Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, NNN Aventura Harbour Centre, LLC (the "Plaintiff" or the "Debtor")  hereby demands that NNN Aventura Harbour Centre 1, LLC ("Defendant"), separately answer under oath each of the Interrogatories hereinafter set forth and serve a sworn copy of such answers upon the undersigned counsel at the law offices of Messana, P.A., Attn. Thomas M. Messana, 401 E. Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301 within thirty (30) days after the service of these Interrogatories.  These Interrogatories are continuing in character and require the Defendant to file supplementary answers as soon as reasonably possible if it obtains further or different information after the initial answers, prior to trial.

Dated: January 17, 2014

MESSANA, P.A.
*Attorneys for the Debtor*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 712-7400
Facsimile: (954) 712-7401
E-mail: tmessana@messana-law.com

By: /s/ Thomas M. Messana
     Thomas M. Messana, Esq.
     Florida Bar No. 991422

## INSTRUCTIONS AND DEFINITIONS

A.      These Interrogatories are continuing in character, so as to require the Defendant to file supplemental answers if the Defendant obtains further, contradictory, or different information.  Such supplemental answers, if any, shall be filed from time to time promptly upon the discovery by you of such supplemental information.  Each Interrogatory is to be answered separately and as completely as possible.  The fact that an investigation is continuing and discovery is not complete shall not be used as a reason for failure to answer any such Interrogatory as fully as possible.  The omission of any name, fact, or other item of information from the answer shall be deemed a representation that such name, fact, or item is not known to the Defendant, its counsel, or other representatives or agents of the Defendant.

B.      Answers shall be based upon information known to the Defendant, its agents, attorneys, partners, associates, employees, servants, representatives, investigators, or any other party or entity acting or who has acted by or on behalf of the Defendant.  To the extent that the answer to any Interrogatory is not based upon information known to the Defendant, the Defendant shall specify that fact and the person or entity possessing such information.

C.      If the answer to all or any part of an Interrogatory is not presently known or available, include a statement to that effect, specifying the portion of the Interrogatory that cannot be completely answered.  However, once information is available, the Defendant is required to furnish all information available in response to the entire Interrogatory by supplemental answer as required above.

D.      If the Defendant refuses to answer any Interrogatory or any part thereof on the grounds of privilege, the Defendant must identify the basis for the privilege claimed, the nature of any information that it refuses to disclose, referring specifically to the Interrogatory or any

part thereof to which the Interrogatory applies and by identifying the form in which said information exists, the date of the document or oral communication, and the general subject matter of the document or oral communication.

E.    As used in these Interrogatories, the following terms shall have the following meanings:

1.    The terms "you" or "your" or "yourself" shall mean the answering Defendant, and/or any of its members, owners, agents, attorneys, partners, associates, employees, servants, representatives, investigators, and any person or entity acting or who has acted by or on behalf of the Defendant.

2.    "Person" shall mean any natural person or any corporation, limited liability company, partnership, association, joint venture, firm, or other business enterprise or legal entity and means both the singular and the plural.

3.    "Document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reasons of any notation made on such copy or otherwise, including, but not limited to, correspondence, email, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins or other communications, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, memoranda or notes of intraoffice and interoffice telephone calls, diaries, manuals, calendars, desk pads, scrapbooks, notebooks, chronological data, minutes, books, reports, magazines, booklets, brochures, instructions, charts, ledgers, invoices, purchase orders, statements of account, credit and debit memoranda, loan agreements, bills, installment contracts, mortgages, deeds of trust,

security agreements, certificates of title, financing statements, instruments, expense accounts, work sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, worksheets, affidavits, contracts, agreements, promissory notes, partnership agreements, articles of incorporation, catalogue price lists, canceled checks, deposit slips, bank statements, bank books, receipt and disbursement journals, tax returns, check stubs, credit card receipts, income statements, profit and loss statements, drafts, certificates, tabulations, questionnaires, tables, sketches, tax reports, working papers, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), resumes, address books, appointment books or telephone logs, wire transfer receipts and confirmations, transcripts, statistics, surveys, magazine or newspaper articles, releases, deposition transcripts, pleadings, orders, appraisals, estimates, valuations, opinions, studies, analyses, summaries (and any and all drafts, alterations and modifications, changes, and amendments of any of the foregoing), graphics or oral records or representations of any kind, including without limitation, blueprints, photographs, negatives, charts, graphs, maps, microfiche, microfilm, videotape, recordings, motion pictures, speeches, and electronic, mechanical, electric, or chemical recordings or representations of any kind (including without limitation, tapes, cassettes, disks, recordings), as well as any medium of expressions, fixed and in tangible form.  Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smartphones, tablets, SMS or MMS text messages, cellular telephone based text communications, Blackberry/Research in

Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service (e.g., Google Chat, ICQ Chat, AOL Instant Messenger, MSN Messenger, etc.), proprietary software and inactive or unused computer disc storage areas.

4.      "Breakwater" shall mean Breakwater Equity Partners.

5.      "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, contact, or agreement, formal or informal at any time or place or under any circumstances whatsoever, and, also, means any transfer of thoughts or ideas between persons (as defined herein) by means of documents and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media (e.g., Facebook, MySpace, Twitter, etc.). Where you are requested to identify or list any communications, your identification or list of such communications shall require you separately as to each communication, to identify the mode of such communication, to identify the persons who participated in such communication, to identify the persons who overheard or had access to such communication, and to state the date of such communication, the time and/or place of such communication, and the subject matter of such communication.

6.      "Identify" or "state the identity of" shall have the following meaning when used in the following contexts:

        a.      When used in connection with a natural person, you are required to state his or her: (a) full name; (b) present or last known home address (including street name and number, city, and state); (c) present or last known business

6

address; (d) present position, business affiliation, and job description and, if unknown, so state and set forth the corresponding last known such information; and (e) position, business affiliation, and job description at the time in question, with respect to the Interrogatory or other request involved.

b.    When used in connection with a corporation, limited liability company, partnership, association, joint venture, firm, or other business enterprise or legal entity, you are required to state in the answer in each instance: (a) the full name and address; (b) a brief description of the primary business in which such entity is engaged; and (c) the identity of all persons who acted or were authorized to act on its behalf in connection with the matter referred to.

c.    When used in connection with a document or writing, you are required to state in the answer in each instance: (a) whether or not such document is known to be in existence at the time of the answer; (b) the date of the document; (c) type of document (e.g., letter, memorandum, computer printout, estimate, etc.); (d) identity of the author(s), addressee(s), and any other person to whom the document was shown or distributed; (e) any filing or identifying number; and (f) the present or last  known location and/or custodian thereof.  If any such document was, but is no longer in the possession of or subject to control of Defendant or any affiliated business entity, state what and when disposition was made of it.

d.    When used in connection with an oral communication, you are required to state in the answer in each instance: (a) the identity of each person communicating; (b) the identity of the recipient(s) and intended recipient(s) of the

communication; (c) the identity of each person present or otherwise aware of the substance of the communication; (d) the date and the place where it was made; (e) the identity of any document or writing that embodies, includes, reflects, concerns, relates, refers to, or is based upon oral communication; and (f) a detailed description of the substance of the communication.

e.    When used in connection with a transaction, you are required to state in the answer in each instance: (a) a description of the property or thing that is the subject of the transaction; (b) the identity of the parties to the transaction; (c) the date of the transaction; (d) the place or site where the transaction took place; (e) the location of the property or thing that was the subject to the transaction at the time the transaction took place; (f) the identity of all persons who have knowledge of the transaction; and (g) identify all documents that refer or relate to the transaction.

f.    When used in connection with products or merchandise, you are required to state in the answer in each instance: (a) the full name of the product; (b) the use or purpose of the product; (c) the manufacturer of the product; (c) all persons who have personal knowledge of the sale or use of the product;  (d) the volume of the product sold; (e) the gross receipts received from the sale of the product for each year that the product was sold; and (f) the identity of any documents that relate to the ownership of the product or the right to proceeds from the sale or use of the product.

7.    The "Defendant" shall mean defendant NNN Aventura Harbour Centre 1, LLC, and its agents, employees, servants, attorneys, accountants, partners, associates, representatives, and any person or entity acting or who has acted on its behalf.

8.    The "Debtor" shall mean NNN Aventura Harbour Centre, LLC.

9.    The "Complaint" shall mean the *Plaintiff's Complaint to Compel Sale of Property Pursuant to § 363(b)(h)* (ECF No. 1) in Adversary Proceeding, Case No. 13-32195-RBR.

10.    "Property" shall mean that certain 11-story Class A office building (approximately 213,878 square feet) with an adjacent 1-story structure, located at or near 18851 NE 29th Avenue, Aventura, Florida.

11.    "Other Defendants" shall mean NNN Aventura Harbour Centre 2, LLC, NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, LLC, NNN Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN Aventura Harbour Centre 9, LLC, NNN Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN Aventura Harbour Centre 14, LLC, NNN Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 16, LLC, NNN Aventura Harbour Centre 17, LLC, NNN Aventura Harbour Centre 18, LLC, NNN Aventura Harbour Centre 19, LLC, NNN Aventura Harbour Centre 20, LLC, NNN Aventura Harbour Centre 21, LLC, NNN Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN Aventura Harbour Centre 26, LLC, NNN

Aventura Harbour Centre 27, LLC, NNN Aventura Harbour Centre 28,, LLC, NNN

Aventura Harbour Centre 31, LLC, NNN Aventura Harbour Centre 32, LLC, NNN

Aventura Harbour Centre 33, LLC, NNN Aventura Harbour Centre 34, LLC.

12. "Objecting TICs" shall mean NNN Aventura Harbour Centre 1, LLC,

NNN Aventura Harbour Centre 3, LLC, NNN Aventura Harbour Centre 4, NNN

Aventura Harbour Centre 5, LLC, NNN Aventura Harbour Centre 6, LLC, NNN

Aventura Harbour Centre 7, LLC, NNN Aventura Harbour Centre 8, LLC, NNN

Aventura Harbour Centre 10, LLC, NNN Aventura Harbour Centre 11, LLC, NNN

Aventura Harbour Centre 12, LLC, NNN Aventura Harbour Centre 13, LLC, NNN

Aventura Harbour Centre 15, LLC, NNN Aventura Harbour Centre 17, LLC, NNN

Aventura Harbour Centre 22, LLC, NNN Aventura Harbour Centre 23, LLC, NNN

Aventura Harbour Centre 24, LLC, NNN Aventura Harbour Centre 25, LLC, NNN

Aventura Harbour Centre 26, LLC, NNN Aventura Harbour Centre 27, LLC, NNN

Aventura Harbour Centre 28, LLC, NNN Aventura Harbour Centre 31, LLC, NNN

Aventura Harbour Centre 32, LLC and NNN Aventura Harbour Centre 33, LLC.

13. "Petition Date" shall mean September 17, 2013.

14. "Lender" shall mean C-III Asset Management LLC, a Delaware LLC, as

Special Servicer for Wells Fargo Bank, N.A., as Trustee for Morgan Stanley Capital 1

Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12.

15. "Motion to Dismiss" shall mean *Defendants' Request for Judicial Notice

and Motion to Dismiss* (ECF No. 52) in Adversary Proceeding, Case No. 13-32195-RBR.

16. All other terms used in these Interrogatories have the meaning given by

the Bankruptcy Code or by common usage unless otherwise required by the context.

F.      To the extent you object to or claim a privilege with respect to any Interrogatory, in whole or in part, set forth all reasons and the underlying factual basis for your objection or claim of privilege in sufficient detail to permit the Court to determine the validity of your objection or claim of privilege.

G.      Each Interrogatory shall be construed to impose upon the party answering it the continuing obligation to supplement the answer thereto with information later learned by such party which is necessary to make the answer complete or correct.

H.      The answers to the Interrogatories shall be signed by the person making them, and the objections signed by the attorney making them.

## **INTERROGATORIES**

Interrogatory No. 1:      What is the cash basis of Your interest in the Property?

Interrogatory No. 2:      What is the tax basis of Your interest in the Property?

11